**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PODS ENTERPRISES, INC.,

     Plaintiff,

                               Case No.

vs.

U-HAUL INTERNATIONAL, INC.,

     Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

1.     Plaintiff, PODS Enterprises, Inc. (hereinafter "Plaintiff" or "PODS"), for its Complaint against Defendant U-Haul International Inc. (hereinafter "Defendant" or "U-Haul"), hereby states as follows:

## <u>PARTIES</u>

2.     Plaintiff PODS is a Florida corporation having its principal place of business in Clearwater, Florida.

3.     PODS markets and sells moving and storage products and services throughout the Unites States, including in the State of Florida.

4.     Upon information and belief, U-Haul is a corporation registered in the State of Nevada with its principal place of business in 2727 North Central Avenue, Phoenix, AZ 85004.

5.     Upon information and belief, Defendant owns a subsidiary U-Haul Co. of Florida, which is registered to do business in the state of Florida.

6.     Upon information and belief, U-Haul, through its subsidiary and related companies, provides moving and storage services throughout the United States, including the State of Florida and within this District.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338(a) and (b).  This Court also has jurisdiction pursuant to 28 U.S.C. §1332, because there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy five thousand dollars.  The Court has supplemental jurisdiction over the claims herein which arise under State statutory and common law under 28 U.S.C. § 1367(a), because the State law claims are so related to the Federal claims that they form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conducts business in this District, and because a substantial part of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## THE PODS TRADEMARKS AND TRADE NAME

9.      The name PODS has, since at least as early as 1998, been used as the company name and brand name of its products and services.

10.      PODS is the owner of four U.S. Trademark Registrations that were duly issued by the United States Patent and Trademark Office and which comprise, in whole or in part, the term "PODS."

11.      Specifically, PODS is the owner of U.S. Trademark Registration No. 2,365,848, duly issued by the United States Patent and Trademark Office on July 11, 2000, for the trademark PODS for metal containers for the storage and transportation of goods, and paper and cardboard packing boxes.  The registration is valid and incontestable, presently subsisting and in full force and effect.  A copy of Registration No. 2,365,848 is annexed hereto as **Exhibit 1**.

12.      PODS is also the owner of U.S. Trademark Registration No. 3,011,459, duly issued by the United States Patent and Trademark Office on November 1, 2005, for the

trademark PODS (with design) for moving and storage services, namely, rental, storage, delivery and pick up of portable storage units.  The registration is valid and incontestable, presently subsisting and in full force and effect.  A copy of Registration No. 3,011,459 is annexed hereto as **Exhibit 2**.

13.     PODS is also the owner of U.S. Trademark Registration No. 3,666,828, duly issued by the United States Patent and Trademark Office on August 11, 2009, for the trademark PODS PORTABLE ON DEMAND STORAGE, together with the associated black and white logo (as shown below), for moving and storage services, namely, rental, storage, delivery and pick up of mobile storage containers units.  The registration is valid, presently subsisting and in full force and effect.  A copy of Registration No. 3,666,828 is annexed hereto as **Exhibit 3**.



14.     PODS is also the owner of U.S. Trademark Registration No. 3,689,446, duly issued by the United States Patent and Trademark Office on September 29, 2009, for the trademark PODS PORTABLE ON DEMAND STORAGE together with the associated color logo (as shown below) for metal containers for the storage and transportation of goods, and moving and storage services, namely, rental, storage, delivery and pick up of mobile storage containers.  The registration is valid, presently subsisting and in full force and effect.  A copy of Registration No. 3,689,446 is annexed hereto as **Exhibit 4**.



15.     The brand name PODS is protected and registered throughout the world in 48 countries.

**THE HISTORY OF PODS**

16.     PODS has been an innovator in the moving and storage industry since 1998. Recognizing the limitations of traditional self-storage warehouses, PODS pioneered the concept of mobile storage, in which the storage container is brought to the customer's location, such as a home or office.   After the customer has loaded the container, the container can stay at the customer's location, or PODS picks up the container and takes it to a central warehouse for storage.

17.     PODS' leadership in the mobile storage market has been facilitated, in part, by a patented lift system that PODS' founder, Peter Warhurst, designed, which enables a fully-loaded container to be raised horizontally and loaded onto a truck, without the tilting or sliding that traditional ramps, forklifts or other methods require.   PODS' patented system, known as PODZILLA, avoids breakage or shifting of contents when the containers are loaded and moved to and from customer locations.

18.     In addition to revolutionizing the storage industry through the mobile storage concept, PODS also transitioned its concept to the moving industry by opening locations throughout the United States and transporting storage containers from location to location.

19.     PODS' franchise system has permitted it to provide its services in 47 states and four countries around the world.  PODS currently has 121 franchises throughout the United States

20.     Each franchise must maintain the standards and qualities established by Plaintiff of all products and services sold and marketed under the PODS brand name.

21.     In addition, PODS has 155 warehouses worldwide that are operated by its franchisees, and PODS operates an additional 63 warehouses domestically.  All warehouses are accessible by the public and, upon information and belief, prominently display the PODS brand logo and signage.

22.     This national footprint sets PODS apart from most mobile moving and storage competitors, because PODS and its franchisees can serve customers in virtually any location in the United States through a centralized system.  Since it spawned the industry in 1998, PODS' revenues for its services exceed $225 million, exclusive of PODS' franchisee revenues of more than $135 million.

23.     From its inception, PODS has focused on branding as a critical part of its business.  All of PODS' locations and services are identified by the brand name PODS.  The PODS name was selected by PODS because it historically served as an acronym for PODS' initial trade name PORTABLE ON DEMAND STORAGE.  On or about February 2010, PODS began limiting the use of the PODS logo on most of its branding for the company to the iconic PODS red, black, and white Logo without the tagline "Portable On Demand Storage". PODS effected this modified use of the PODS logo and design in view of the evolution of the PODS business to include a substantial volume of moving and related services in addition to storage

services.  The trademark PODS has never been used by other storage or moving companies until the name was adopted and widely promoted by Plaintiff.

24.     Another major component of PODS' branding strategy to differentiate itself from the competition was the design and adoption of a distinctive logo.  For nearly 10 years, PODS has consistently displayed its name with each letter of the name surrounded by a box (the "Logo").   PODS uses the Logo either in black and white or with the color red, but it predominantly uses the Logo in color.  The color version of the Logo is shown below:



25.     PODS has consistently and purposefully used this distinctive Logo to attract consumers to the company.  PODS initiated the prominent use of the Logo on each and every container that Plaintiff and its franchisees rent to consumers.  Currently, PODS has over 145,000 PODS branded containers displaying PODS' logo in its fleet.

26.     Because the PODS containers are usually placed on or near the streets surrounding its customers' homes or office, the containers themselves serve as billboards that display the Logo to prospective customers.  At present, on any given day there are more than 40,000 PODS containers in use at customer sites.  Each of these containers prominently display the Logo and are viewed by countless members of the public.

27.     In addition to the containers, PODS has ensured that it consistently and prominently showcases its distinctive Logo on other public materials, such as advertisements, flyers, website, uniforms, packing boxes, letterhead, rental agreements, business cards and the like.  This purposeful use of the Logo has made the name PODS well known to the public and trade as the brand name and company name of Plaintiff.

28.     The PODS name and mark and the Logo have been used extensively since 1998. In that time, PODS has expended over $50 million to advertise and promote its services through traditional methods such as radio, television and print advertising, and through other high-profile means, such as sponsorship of the PGA Tour and donations of storage units for hurricane relief.

29.     PODS has been advertising the PODS name and mark and the Logo in television advertisements for more than 9 years. By virtue of its television advertising alone, the PODS name and mark and the Logo have been viewed by over a billion people in the service areas in which PODS and its franchisees operate.

30.     By virtue of PODS' extensive advertising and promotional activities and its position as a market leader in the mobile moving and storage industry, the PODS name and mark and the Logo are famous marks that are relied upon by the trade and the public as identifying the products and services of PODS.   The PODS name and the Logo represent a vast goodwill belonging exclusively to PODS.

## DEFENDANT'S UNLAWFUL CONDUCT

31.     After PODS had pioneered its concept of mobile storage services and developed substantial goodwill in the PODS name, U-Haul began offering and competing with similar products and services.

32.     In or around July 2007, U-Haul expressed interest in acquiring PODS.  U-Haul's parent company, Amerco, and PODS entered into a non-disclosure agreement on July 12, 2007 whereby U-Haul received confidential information about PODS and its operations.

33.     Pursuant to the non-disclosure agreement, U-Haul (and its parent Amerco) conducted substantial due diligence on PODS, including PODS' operations and sales, as well as PODS' efforts to enforce and police its brand name and trademark.

34.     U-Haul competes with PODS by marketing competing moving and storage products services under its U-Box brand.

35.     As a result of the due diligence on PODS and its operations, U-Haul's parent Amerco made a substantial preliminary bid to purchase PODS, including its valuable PODS trademark rights.

36.     After making such bid to purchase PODS and its operations (and thereby gaining access to the confidential information of PODS), U-Haul's parent Amerco rescinded its offer in or around October 2007.  Instead, upon information and belief, U-Haul embarked on a plan to capitalize on the enormous goodwill of the PODS brand by misusing and publishing the PODS mark and variations of the mark throughout advertising and marketing materials in order to unlawfully attract business and sales to U-Haul.

37.     Although Plaintiff had used its brand name and trade name PODS for over a decade and had obtained federal trademark protection for its mark, U-Haul, upon information and belief, in or about 2009, began to use the name "pods" or "pod" in its advertising and marketing materials to sell  products.  A true and correct copy of a U-Haul marketing document misusing the PODS mark is attached hereto as **Exhibit 5a**.

38.     U-Haul continues to misuse the PODS mark in current advertising, such as U-Haul's press releases and flyers.   True and correct copies of a U-Haul press release and marketing flyer are attached hereto as **Exhibit 5b**.  Upon information and belief, U-Haul has published and disseminated approximately 82 similar flyers and has issued approximately 20 similar press releases since March 2012.

39.     U-Haul also misuses the PODS mark in its Dealership Contract, which is attached to Amerco's Annual Report (Amerco's March 31, 2012 Form 10-K).  A true and correct copy of the U-Haul Dealership Contract Addendum is attached hereto as **Exhibit 5c**.

40.     Upon information and belief, in or around May 2008, U-Haul launched its "U-Box" portable moving and storage services, a household moving and/or storage service, through which Florida State residents can purchase moving and storage products sold by U-Haul.  A true and correct copy of a U-Haul webpage archived by www.web.archive.org dated May 23, 2008 is attached hereto as **Exhibit 6**.

41.     Upon information and belief, U-Haul owns and operates the website www.uhaul.com (the "U-Haul Website").  The U-Haul Website provides information about the moving and storage products and services offered by U-Haul, and provides an interface by which such products and services can be purchased by consumers.

42.     Upon information and belief, when U-Haul first introduced its "U-Box" product in or around May 2008, U-Haul used the generic term "portable storage" to identify its product. *See* **Exhibit 6**.

43.     Upon information and belief, in or around February 2009, U-Haul marketed its "U-Box" product using the term "U-Box We-Haul" on the U-Haul Website.  Upon information and belief, there was no reference to "pod" or "pods" on U-Haul's U-Box webpage in or around February 2009.  A true and correct copy of a U-Haul webpage archived by www.web.archive.org dated February 11, 2009 is attached hereto as **Exhibit 7**.

44.     U-Haul filed a U.S. trademark application for "U-Box" in June 2008, which issued as Registration No. 3,620,750 on May 12, 2009 with the U.S. Patent and Trademark Office.  U-Haul submitted a Statement of Use on February 27, 2009, which states that the U-Box

mark is used for "moving and storage services, namely, rental, moving, storage, delivery and pick up of portable storage units."  The Statement of Use does not identify the terms "pods" or "pods" as the generic designation for the goods and services in the application.  The Statement of Use includes a declaration that all statements made in the Statement of Use are true, subject to 18 U.S.C. Section 1001.  A true and correct copy of U-Haul's U-BOX registration and file history from the U.S. Patent Office for Registration No. 3,620,750 are attached hereto as **Exhibit 8**.

45.     Upon information and belief, U-Haul did not display the PODS mark in a generic format when it first launched the U-Box product on the U-Haul Website.

46.     Upon information and belief, U-Haul began misusing and misappropriating the PODS mark on the U-Haul Website in or around October 2010 using the phrase "U-Box portable storage and moving pods" on the "U-Box portable storage" page of the U-Haul Website.  A true and correct screenshot of a U-Haul webpage archived by www.web.archive.org dated October 30, 2010 is attached hereto as **Exhibit 9**.

47.     U-Haul has used and continues to improperly, unlawfully, and intentionally use and display the PODS mark, generically, for use in connection with its advertising, marketing and sale of competing products and services.

48.     Upon information and belief, U-Haul's unauthorized use of the mark and name PODS is intended to mislead consumers into believing that there is some connection or affiliation between U-Haul and its products and services and PODS' brand of products and services.

49.     U-Haul has improperly and unlawfully misused and misappropriated the PODS marks and name in order to gain commercial acceptance and credibility with the public and to profit unfairly.

50.     Upon information and belief, the current U-Haul Website and/or web domain includes over 96,000 webpages with generic references to the PODS mark.  A true and correct copy of a printout of Google searches on the U-Haul Website for "pods" and "pod" is attached hereto as **Exhibit 10**.

51.     U-Haul improperly and unlawfully uses the PODS mark by displaying the terms "U-Box pods," "moving pods," "storage pods," "storage and moving pods," "moving and storage pod," "pod," and "pods" on the U-Haul Website.  True and correct screenshots of web pages from the U-Haul Website is attached hereto as **Exhibit 11**.

52.     Defendant's repeated use of the PODS mark in close proximity to the U-Box trademark reinforces to the public that there is an association between PODS and U-Haul and their respective products.

53.     U-Haul provides a video advertisement on the U-Haul Webpage (http://www.uhaul.com/Ubox/) under the heading "Delivered to your door" that verbally associates its U-Box product with "pods" (the "U-Haul Video").  Such verbal use of the PODS mark in close connection with the U-Box product further confuses the public as to an association and/or relationship between PODS and U-Haul.  A true and correct recording of the U-Haul Video is attached hereto as **Exhibit 14**.

54.     U-Haul adopted the generic use of the PODS mark on its U-Haul Website after PODS became famous and well known to the public as a brand name for products and services associated with moving and storage containers.

55.     Upon information and belief, the extensive generic and unauthorized use of the PODS mark throughout the U-Haul Website, when no PODS brand products or services are

offered for sale on the U-Haul Website, is likely to cause confusion in the minds of ordinary consumers.

56.     Upon information and belief, the extensive use of the PODS mark on the U-Haul Website, when no PODS brand products or services are sold on the U-Haul Website, results in the prominent listing of the U-Haul Website in the natural search results returned by website search engines, such as Google when the terms "pods" or "moving pods" are searched. **Exhibits 12 and 13** are true and correct printouts of the results page for Google searches for "pods" and "moving pods," respectively.

57.     Upon information and belief, when conducting internet searches for the name PODS, the public is directed to the U-Haul Website, even though the U-Haul Website does not offer PODS brand products and services.

58.     The extensive use of the PODS mark throughout the U-Haul Website, when no PODS brand products or services are sold on the U-Haul Website, constitutes deliberate palming off of the PODS mark.

59.     The extensive use of the PODS mark throughout the U-Haul Website, when no PODS brand products or services are sold on the U-Haul Website, is a deliberate attempt by U-Haul to use the PODS mark and trade name as a magnet to attract online sales of U-Haul's products and services.

60.     A natural Google search for the search term "pods" further shows that U-Haul advertises the PODS mark in its headline and subtitle for its U-Box product, which links to the U-Haul Website.  Such improper use of the PODS mark on and in connection with the U-Haul Website is likely to cause confusion as to the source of the advertised products on the part of

consumers searching for PODS brand products and services.  *See* **Exhibit 12**; *see also* **Exhibit 10**.

61.     The repeated misuse of the PODS mark on and in connection with the U-Haul Website and advertisements and promotional materials, misappropriate and wrongfully reap the benefits of the goodwill and reputation of the PODS mark by unfairly bolstering the rank of the U-Haul Website when users conduct internet searches for the PODS mark.

62.     The repeated references to the PODS mark on and in connection with the U-Haul Website and advertisements and promotional materials, causes confusion as to the source of the advertised product on the part of consumers searching for PODS brand products and services.

63.     Upon information and belief, a result of U-Haul's repeated misuses of the PODS mark on and in connection with the U-Haul Website, including the use of the PODS trademark by U-Haul in the headline of Defendant's advertising in natural Google search results for "pods," is the misdirection of consumers from websites rightfully offering and marketing PODS brand products and services to websites selling Defendant's U-Haul and/or U-Box brand products and services.

64.     Upon information and belief, U-Haul's unauthorized use of the PODS mark deceives consumers and misdirects consumers to a website selling and/or promoting U-Box brand products and services.

65.     Upon information and belief, Defendant's intent to benefit from the goodwill of the PODS mark is reflected in its deliberate, repeated use of the PODS mark on the U-Haul Website to elevate the rank of the U-Haul Website in search results when a user searches for "pods" or "moving pods" in Google and to capitalize on consumer confusion to drive highly

targeted and valuable internet traffic to web pages that offer U-Haul and/or U-Box products and services for sale.

66.     Upon information and belief, U-Haul's intent to benefit from the goodwill of the PODS mark is further reflected in its use of the PODS mark in the headline and subtitle of the Defendant's web advertising to capitalize on consumer confusion to drive highly targeted and valuable Internet traffic to web pages that offer U-Haul and/or U-Box products and services for sale.

67.     The act of directing searches for "pods" or "moving pods" to a website that sells U-Box brand products and services is part of an intentional and systematic plan to divert sales to Defendant.

68.     Defendant's misuse of the PODS mark dilutes the uniqueness and distinctiveness of the PODS mark.  PODS has spent significant time, effort and funds to establish the fame of the PODS mark.  By misusing the PODS mark as a generic term, Defendant has diminished the capacity of the PODS mark to identify and distinguish genuine PODS products and services.

69.     Defendant's misuse of the PODS mark is likely to cause U-Haul's goods and services to be erroneously associated or affiliated with the PODS brand and PODS' reputation.

70.     Such false suggestion and association is causing and will continue to cause irreparable harm to PODS' reputation and the reputation and goodwill of the PODS brand for which there is no adequate remedy at law.

71.     U-Haul did not license or otherwise obtain any rights from PODS, nor has U-Haul obtained PODS' permission to use the PODS marks in connection with advertising or promotion of its goods and services.

72.     U-Haul adopted the PODS mark for use in connection with advertising and marketing its competing products and services with the full knowledge of PODS' prior use and registration of the PODS mark for moving and storage products and services.

73.     Plaintiff has placed U-Haul on actual notice of Plaintiff's registrations since 2009 and has repeatedly requested that U-Haul cease and desist its misuse and infringement of Plaintiff PODS' rights.   U-Haul has refused to comply with Plaintiff's requests to cease its unlawful activities.

74.     Several other entities have misused and infringed PODS' rights.   Accordingly, PODS has actively policed, and continues to police, its rights in the trademark and trade name PODS.   Over 200 companies have ceased misusing and infringing Plaintiff's rights.

75.     PODS has filed lawsuits in this judicial district to enforce its rights, including *PODS Enterprises, Inc. v. ABF Freight System, Inc.*, Civil Action No. 8:11-cv-00084-VMC-MAP, filed in 2011 (M.D. Fl.) and *PODS Enterprises, Inc. v. Units et al.*, Civil Action No. 8:07-cv-01733-EAK-TBM, filed in 2007 (M.D. Fl.), to protect its valuable trademark and trade name rights.

76.     As of the present time, U-Haul has no intention to cease use of "pod" and "pods" in connection with U-Haul's advertising and the U-Haul Website.

77.     U-Haul's infringement and misuse of PODS' trademark and trade name rights in the PODS mark has been with willful disregard of PODS' established and federally protected rights in the brand name and trademark PODS.

78.     PODS has no control over the quality of the U-Box brand products or services.

79.     U-Haul's illegal acts unjustly enriches U-Haul at PODS' expense.

80.     All necessary conditions precedent have either occurred or been waived.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

81.     PODS realleges and incorporates by reference all of the allegations in paragraphs 1-80 as if fully set forth herein.

82.     Defendant's infringement of the PODS mark in the manner set forth above is trading on the PODS mark and the goodwill of PODS, and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's products and services are manufactured or distributed by PODS, or associated or connected with PODS, or have the sponsorship, endorsement, or approval of PODS.

83.     The actions of Defendant complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendant or its materials, website, products or services are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with PODS and/or the PODS brand of products.

84.     PODS has repeatedly placed Defendant on written notice of its infringement and unlawful conduct, but Defendant has failed to terminate its wrongful conduct.

85.     The foregoing acts of Defendant constitute willful and deliberate infringement of PODS' federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

86.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury and damage to PODS for which PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.     Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees,

and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Finding all of Plaintiff's trademarks valid and enforceable.

F.      Awarding PODS damages in an amount to be proven at trial, together with prejudgment interest, and trebled pursuant to 15 U.S.C. §1117(b).

G.      Awarding PODS the costs and fees, including reasonable attorneys' fees, incurred by it in bringing and maintaining this action.

H.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

## COUNT II
## FEDERAL UNFAIR COMPETITION

87.     PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

88.     The actions complained of herein constitute false designations of origin and false descriptions in that the unlawful use by Defendant of the PODS mark is likely to cause confusion or to deceive as to the source, affiliation, connection or association of the PODS mark with Defendant, as to the origin, sponsorship or approval of Defendant, its website, and products and services.

89.     PODS has repeatedly placed Defendant on written notice of its infringement and unlawful conduct, but Defendant has failed to terminate its wrongful conduct.

90.     The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

91.     By reason of all the foregoing, PODS is being damaged by Defendant's willful use of the PODS mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark.

92.     Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, and PODS will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees,

and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages in an amount to be proven at trial, together with prejudgment interest, and trebled pursuant to 15 U.S.C. § 1117(b).

F.      Awarding PODS the costs and fees, including reasonable attorneys' fees, incurred by it in bringing and maintaining this action.

G.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

## COUNT III
## FEDERAL TRADEMARK ANTI-DILUTION

93.     PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

94.     The PODS mark is distinctive and famous, and has been used and advertised continuously throughout the United States of America for many years.

95.     The PODS mark has received extensive publicity both as a result of the efforts of PODS and through third party recognition.   The PODS mark is famously associated and extensively recognized with the products and services of PODS.

96.     The foregoing acts of Defendant cause irreparable dilution of the distinctive quality of PODS' trademarks and are intended to undermine the uniqueness and distinctiveness of the PODS mark, constituting dilution by blurring of the PODS mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

97.     By reason of all the foregoing, PODS is being damaged by Defendant's willful use of the PODS mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the same.

98.     Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, and PODS will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.   PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees,

and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages in an amount to be proven at trial, together with prejudgment interest, and trebled pursuant to 15 U.S.C. § 1117(b).

F.      Awarding PODS the costs and fees, including reasonable attorneys' fees, incurred by it in bringing and maintaining this action.

G.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

99.     PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

100.    By reason of all of the foregoing, PODS has acquired common law trademark rights in the PODS mark.

101.    The actions of Defendant complained of herein are likely to create confusion, mistake and deception of consumers into believing that Defendant is authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the PODS mark and trade name.

102.    Upon information and belief, the acts and conduct of Defendant complained of constitute willful and deliberate misuse and infringement of PODS' common law rights in the PODS mark and trade name and will continue in willful and wanton disregard of PODS' valuable rights.

103.    The foregoing acts of Defendant constitute misuse and infringement of the PODS mark and trade name in violation of the common law of the State of Florida.

104.    By reason of all the foregoing, PODS is being damaged by Defendant's willful use of the PODS mark and trade name in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark and name.

105.    Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, and PODS will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages, including punitive damages, in an amount to be proven at trial, together with prejudgment interest.

F.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

### COUNT V
### VIOLATION OF FLORIDA STATUTORY TRADEMARK DILUTION

106.    PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

107.    The PODS mark is distinctive and famous, and has been used and advertised continuously throughout the United States of America for many years.

108.    The PODS mark has received extensive publicity both as a result of the efforts of PODS and through third party recognition.  The PODS mark is famously associated and extensively recognized with the products and services of PODS.

109.    Defendant's use of the PODS mark in the manner set forth above undermines the uniqueness and distinctiveness of the PODS mark and causes irreparable dilution of the distinctive quality of the PODS mark.

110.    By reason of all the foregoing, PODS is being damaged by Defendant's willful use of the PODS mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the same.

111.    Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, and PODS will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  PODS has no adequate remedy at law.

112.    The foregoing acts of Defendant violate Florida's Statutory Trademark Dilution and Injury to Business Reputation Statute, §495.151 *et seq*.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages in an amount to be proven at trial, together with prejudgment interest, and trebled pursuant to §495.141.

F.     Awarding PODS the costs and fee, including reasonable attorneys' fees, incurred by bringing and maintaining this action.

G.     Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

113.     PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

114.     The actions of Defendant complained of herein constitute a misuse and misappropriation of PODS' rights by the unlawful use by Defendant of the PODS mark and trade name and the goodwill associated therewith, all of which constitute unfair competition and trade practices, false advertising and passing off under the common law of the State of Florida.

115.     The acts and conduct of Defendant complained of are willful and wanton, constituting intentional misconduct or gross negligence.

116.     By reason of the foregoing, PODS is being damaged by Defendant's willful use of the PODS mark and trade name in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark.

117.     Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, and PODS will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.     Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the

PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages, including punitive damages, in an amount to be proven at trial, together with prejudgment interest.

F.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

**COUNT VII**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES**

118.     PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

119.     The actions of Defendant complained of herein constitute a misuse and misappropriation of PODS' rights by the unlawful use by Defendant of the PODS mark and trade name and the goodwill associated therewith.

120.     Defendant's actions were willful and wanton, constituting intentional misconduct or gross negligence, and Defendant's acts constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §501.201 *et seq.*

121.     Plaintiff PODS has a substantial likelihood of success stemming from a demonstrably clear legal right, Defendant's acts have caused and will continue to cause irreparable injury and damage to PODS for which PODS has no adequate remedy at law.

WHEREFORE, Plaintiff PODS prays for the following relief:

A.     Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.     Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees,

28

and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages, including punitive damages, in an amount to be proven at trial, together with prejudgment interest.

F.      Awarding PODS the costs and fee, including reasonable attorneys' fees, incurred by bringing and maintaining this action.

G.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

## COUNT VIII
## UNJUST ENRICHMENT UNDER STATE LAW

122.    PODS realleges and incorporates by reference all of the allegations of paragraphs 1-80 as if fully set forth herein.

123.     The actions of Defendant complained of herein constitute a misuse and misappropriation of PODS' rights by the unlawful use by Defendant of the PODS mark and trade name and the goodwill associated therewith.

124.     Defendant's use of the PODS mark and trade name have conferred a benefit upon Defendant, which Defendant has retained and which benefits would be inequitable to retain without payment of the value thereof to PODS

125.     Defendant has been unjustly enriched under Florida law and should be required to make restitution to PODS in an amount to be determined at trial.

126.     Defendant's acts have caused and will continue to cause irreparable injury and damage to PODS for which PODS has no adequate remedy at law.

WHEREFORE, PODS prays for the following relief:

A.       Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the PODS mark, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the PODS mark, or any other trade name or trademark confusingly similar to the same.

B.       Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using the PODS mark or any trade name or trademark confusingly similar to the same.

C.      Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form, including, without limitation, advertisements purchased for display on Internet search engines bearing the PODS mark or any trade name or trademark confusingly similar to the same.

D.      Ordering Defendant to alter all web pages to promptly remove the PODS mark from all websites owned or operated on behalf of Defendant its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them.

E.      Awarding PODS damages in an amount to be proven at trial, together with prejudgment interest.

F.      Awarding PODS such other and further relief as the Court deems just and proper given the facts and circumstances herein.

## <u>DEMAND FOR JURY TRIAL</u>

PODS hereby demands trial by jury as to all claims in this litigation.

Date: July 3, 2012

                                        Respectfully submitted,

                            By:   s/Jonathan B. Sbar
                                  _____
                                  Robert L. Rocke, Esq., FBN 710342
                                  Jonathan B. Sbar, Esq., FBN 131016
                                  Raul Valles, Jr., Esq., FBN 148105
                                  ROCKE McLEAN & SBAR
                                  2309 S. MacDill Avenue
                                  Tampa, FL 33629
                                  Phone: 813-769-5600
                                  Fax: 813-769-5601
                                  Email: rrocke@rmslegal.com
                                  Email: jsbar@rmslegal.com
                                  Email: rvalles@rmslegal.com

                                  *Attorneys for Plaintiff,*
                                  *PODS Enterprises, Inc.*