**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| PODS ENTERPRISES, INC., | |
| Plaintiff, | |
| vs. | CASE NO.: 8:12-cv-01479-JDW-MAP |
| U-HAUL INTERNATIONAL, INC., | |
| Defendant. | |
| U-HAUL INTERNATIONAL, INC., | |
| Counterclaim-Plaintiff, | |
| vs. | |
| PODS ENTERPRISES, INC., | |
| Counterclaim-Defendant. | |

**ANSWER & COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff U-Haul International, Inc. ("U-Haul") responds to the individually numbered paragraphs of the Complaint (ECF No. 1) filed by Plaintiff/Counterclaim-Defendant PODS Enterprises, Inc. as follows:

1.      Paragraph 1 does not require an admission or denial.

**PARTIES**

2.      U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.      U-Haul lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 3 and, therefore, denies them.

4.      U-Haul admits the allegations in Paragraph 4.

5.      U-Haul admits the allegations in Paragraph 5.

6.      U-Haul denies that it provides moving and storage services, but admits that its subsidiaries and related companies do provide moving and storage services throughout the United States.

## JURISDICTION AND VENUE

7.      U-Haul admits that the Court has subject matter jurisdiction over this action.

8.      U-Haul admits that venue is proper.

## THE PODS TRADEMARKS AND TRADE NAME

9.      U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10.      U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.      U-Haul admits that USPTO records list Pods Enterprises, Inc. ("PEI" or Pods Enterprises") as the owner of U.S. Trademark Registration No. 2,365,848 for PODS, issued on July 11, 2000, and covering "metal containers for the storage and transportation of goods" and "paper and cardboard packing boxes." U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12.      U-Haul admits that USPTO records list PEI as the owner of U.S.

Trademark Registration No. 3,011,459 for PODS, issued on November 1, 2005, and covering "[m]oving and storage services, namely, rental, storage, delivery and pick up of portable storage units." U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies them.

13.    U-Haul admits that USPTO records list PEI as the owner of U.S. Trademark Registration No. 3,666,828, issued on August 11, 2009, and covering "[m]etal containers for the storage and transportation of goods" and "[m]oving and storage services, namely, rental, storage, delivery and pick up of mobile storage containers." U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies them.

14.    U-Haul admits that USPTO records list PEI as the owner of U.S. Trademark Registration No. 3,689,446, issued on September 29, 2009, and covering "[m]etal containers for the storage and transportation of goods" and "[m]oving and storage services, namely, rental, storage, delivery and pick up of mobile storage containers." U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15.    U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

**THE HISTORY OF PODS**

16.    U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.    U-Haul lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 17 and, therefore, denies them.

18.     "PODS" purports to be an acronym for the generic phrase Portable On Demand Storage, which certainly emphasizes PEI's relationship to the storage industry, but it says nothing about the moving industry. Otherwise, U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.      U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     U-Haul denies that PEI's logo is distinctive. U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies them.

25.     U-Haul denies that PEI's logo is distinctive. U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies them.

26.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies them.

27.     U-Haul denies that PEI's logo is distinctive and denies that the name PODS is well known to the public or trade. U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies them.

28.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

30.     U-Haul denies the allegations in Paragraph 30.

## DEFENDANT'S UNLAWFUL CONDUCT

31.     U-Haul admits that it offers competing portable moving and storage goods and services, but moving services have been offered under the U-HAUL® mark (and other marks) since 1945 and storage services have been offered under the U-HAUL® mark (and other marks) since at least as early as 1976. U-Haul denies the remaining allegations in Paragraph 31.

32.     U-Haul admits that U-Haul's parent company, Amerco, and PEI entered into a non-disclosure agreement on July 12, 2007 related to the potential acquisition of PEI by U-Haul's parent company, Amerco. U-Haul denies the remaining allegations in Paragraph 32.

33.     U-Haul denies the allegations in Paragraph 33.

34.     U-Haul admits the allegations in Paragraph 34.

35.     U-Haul admits that Amerco made a bid to purchase PEI. U-Haul denies the remaining allegations in Paragraph 35.

36.     U-Haul admits that its parent company, Amerco, did not acquire PEI. U-Haul denies the remaining allegations in Paragraph 36.

37.     U-Haul admits that it used the generic word "pods" or "pod," other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services, in its advertising and marketing materials in 2009. However, U-Haul denies that it has "misused the PODS mark," and U-Haul denies that PEI is entitled to any relief arising out of U-Haul's use of the generic word "pods" or "pod." U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, denies them.

38.     U-Haul admits that it uses the generic word "pods" or "pod," other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services, in current advertising. U-Haul also admits that Exhibit 5b is a copy of a U-Haul press release and a marketing flyer. U-Haul lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies them.

39.     U-Haul admits that it uses the generic word "pods" or "pod," other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services, in its Dealership Contract attached as Exhibit 5c, but denies the remaining allegations in Paragraph 39.

40.     U-Haul admits that it launched its U-Box portable moving and storage service in or around May 2008 and that U-Haul provides its U-Box portable moving and storage services to residents of Florida. U-Haul denies the remaining allegations in Paragraph 40.

41.     U-Haul admits that it owns and operates www.uhaul.com through Web Team Associates, Inc., that its website provides information about U-Haul's moving and storage products and services, and that consumers can purchase U-Haul's moving and storage services via its website. U-Haul denies the remaining allegations in Paragraph 41.

42.     U-Haul admits that it introduced its U-Box pod in or around May 2008 and that U-Haul has used the phrase "portable storage" in conjunction with advertising and marketing its U-Box pod. U-Haul denies the remaining allegations in Paragraph 42.

43.     U-Haul admits that it owns and uses the trademark U-BOX WE-HAUL to advertise and market its U-Box pod and that U-Haul has used its trademark U-BOX WE-HAUL since at least as early as February 2009. U-Haul admits that it did not use the term "pod" or "pods" on its website in February 2009. U-Haul denies the remaining allegations in Paragraph 43.

44.     U-Haul admits the allegations in Paragraph 44.

45.     Although "pods" was generic and could have been displayed in a generic format, U-Haul admits that it did not display the generic term "pods" on its website when it first launched its U-Box pod. U-Haul denies the remaining allegations in Paragraph 45.

46.     U-Haul admits that it used the phrase "U-Box portable storage and moving pods" on the "U-Box portable storage" page of the U-Haul Website in the webpage

attached as Exhibit 9, but U-Haul denies the remaining allegations in Paragraph 46.

47.     U-Haul has never used "pods" as a mark or logo. U-Haul admits that it has used and uses the generic word "pods" or "pod," other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services, in connection with its advertising, marketing, and sale of moving and storage services that compete with products and services offered by PEI. U-Haul denies the remaining allegations in Paragraph 47.

48.     U-Haul denies the allegations in Paragraph 48.

49.     U-Haul denies the allegations in Paragraph 49.

50.     U-Haul admits that Exhibit 10 appears to include printouts of Google searches on the U-Haul Website for "pods" and "pod," in which these terms are used generically, other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services. U-Haul denies the remaining allegations in Paragraph 50.

51.     U-Haul admits that Exhibit 11 includes screenshots of web pages from the U-Haul Website displaying the generic term "pod" or "pods," other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services, including "U-Box pods," "moving pods," "storage pods," "storage and moving pods," "moving and storage pod," "pod," and "pods." U-Haul denies the remaining allegations in Paragraph 51.

52.     U-Haul denies the allegations in Paragraph 52.

53.     U-Haul admits that its website displays a video advertisement under the

heading "Delivered to your door," as attached at Exhibit 14, the content of which speaks for itself. U-Haul denies the remaining allegations in Paragraph 53.

54.     U-Haul admits that it uses, on its website, the word "pod" or "pods" generically or other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services. U-Haul denies the remaining allegations in Paragraph 54.

55.     U-Haul denies the allegations in Paragraph 55.

56.     U-Haul admits that Exhibits 12 and 13 appear to contain printouts of the results pages for Google searches for "pods" and "moving pods," the content of which speaks for itself. U-Haul denies the remaining allegations in Paragraph 56.

57.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.     U-Haul denies the allegations in Paragraph 58.

59.     U-Haul denies the allegations in Paragraph 59.

60.     U-Haul denies the allegations in Paragraph 60.

61.     U-Haul denies the allegations in Paragraph 61.

62.     U-Haul denies the allegations in Paragraph 62.

63.     U-Haul denies the allegations in Paragraph 63.

64.     U-Haul denies the allegations in Paragraph 64.

65.     U-Haul denies the allegations in Paragraph 65.

66.     U-Haul denies the allegations in Paragraph 66.

67.     U-Haul denies the allegations in Paragraph 67.

68.     U-Haul denies the allegations in Paragraph 68.

69.     U-Haul denies the allegations in Paragraph 69.

70.     U-Haul denies the allegations in Paragraph 70.

71.     U-Haul admits that it did not license or otherwise seek PEI's permission to use the generic term "pods" or "pod," but U-Haul denies that it needed any such license or right to use a generic term and denies that PEI has any protectable rights in the purported PODS marks. U-Haul denies the remaining allegations in Paragraph 71.

72.     U-Haul denies the allegations in Paragraph 72.

73.     U-Haul admits that it has received requests from PEI starting in 2009 regarding U-Haul's use of the generic word "pods" and "pod" and that it continues to use those generic words, other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services. U-Haul denies the remaining allegations in Paragraph 73.

74.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies them.

75.     U-Haul lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies them.

76.     U-Haul admits that it has no intention of ceasing to use "pod" or "pods" generically in connection with its website and advertising its U-Box pods. U-Haul denies any remaining allegations in Paragraph 76.

77.     U-Haul denies the allegations in Paragraph 77.

78.     U-Haul admits the allegations in Paragraph 78.

79.     U-Haul denies the allegations in Paragraph 79.

80.     U-Haul denies the allegations in Paragraph 80.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

81.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

82.     U-Haul denies the allegations in Paragraph 82.

83.     U-Haul denies the allegations in Paragraph 83.

84.     U-Haul denies the allegations in Paragraph 84.

85.     U-Haul denies the allegations in Paragraph 85.

86.     U-Haul denies the allegations in Paragraph 86.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION

87.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

88.     U-Haul denies the allegations in Paragraph 88.

89.     U-Haul denies the allegations in Paragraph 89.

90.     U-Haul denies the allegations in Paragraph 90.

91.     U-Haul denies the allegations in Paragraph 91.

92.     U-Haul denies the allegations in Paragraph 92.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the

Complaint. U-Haul further denies that PEI is entitled to any relief.

## COUNT III
## FEDERAL TRADEMARK ANTI-DILUTION

93.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

94.     U-Haul denies the allegations in Paragraph 94.

95.     U-Haul denies the allegations in Paragraph 95.

96.     U-Haul denies the allegations in Paragraph 96.

97.     U-Haul denies the allegations in Paragraph 97.

98.     U-Haul denies the allegations in Paragraph 98.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

99.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

100.    U-Haul denies the allegations in Paragraph 100.

101.    U-Haul denies the allegations in Paragraph 101.

102.    U-Haul denies the allegations in Paragraph 102.

103.    U-Haul denies the allegations in Paragraph 103.

104.    U-Haul denies the allegations in Paragraph 104.

105.    U-Haul denies the allegations in Paragraph 105.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the

Complaint. U-Haul further denies that PEI is entitled to any relief.

## COUNT V
## VIOLATION OF FLORIDA STATUTORY TRADEMARK DILUTION

106.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

107.     U-Haul denies the allegations in Paragraph 107.

108.     U-Haul denies the allegations in Paragraph 108.

109.     U-Haul denies the allegations in Paragraph 109.

110.     U-Haul denies the allegations in Paragraph 110.

111.     U-Haul denies the allegations in Paragraph 111.

112.     U-Haul denies the allegations in Paragraph 112.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

113.     U-Haul incorporates its responses to all preceding paragraphs as if fully reinstated.

114.     U-Haul denies the allegations in Paragraph 114.

115.     U-Haul denies the allegations in Paragraph 115.

116.     U-Haul denies the allegations in Paragraph 116.

117.     U-Haul denies the allegations in Paragraph 117.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

**COUNT VII**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES**

118.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

119.     U-Haul denies the allegations in Paragraph 119.

120.     U-Haul denies the allegations in Paragraph 120.

121.     U-Haul denies the allegations in Paragraph 121.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

**COUNT VIII**
**UNJUST ENRICHMENT UNDER STATE LAW**

122.     U-Haul incorporates its responses to all preceding paragraphs as if fully restated.

123.     U-Haul denies the allegations in Paragraph 123.

124.     U-Haul denies the allegations in Paragraph 124.

125.     U-Haul denies the allegations in Paragraph 125.

126.     U-Haul denies the allegations in Paragraph 126.

U-Haul denies that PEI is entitled to any of the grounds for relief enumerated in the Complaint. U-Haul further denies that PEI is entitled to any relief.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

14

## SECOND DEFENSE

Some or all of PEI's claims are barred by estoppel.

## THIRD DEFENSE

Some or all of PEI's claims are barred by laches.

## FOURTH DEFENSE

Some or all of PEI's claims are barred by acquiescence or waiver.

## FIFTH DEFENSE

Some or all of PEI's claims are barred by applicable statute of limitations.

## SIXTH DEFENSE

PEI's purported marks were generic *ab initio* and incapable of trademark

protection.

## SEVENTH DEFENSE

To the extent that "pods" was not generic *ab initio*, it has lost any distinctiveness

it might have had and become generic. As such, PEI's purported marks are unprotectable

as trademarks, cannot form the basis of an infringement, dilution, or unfair competition

claim, and all related trademark registrations are invalid and should be cancelled.

## EIGHTH DEFENSE

PEI's purported marks are merely descriptive and have not achieved acquired

distinctiveness or secondary meaning among relevant consumers. As such, the purported

marks are unprotectable as trademarks, cannot form the basis of an infringement,

dilution, or unfair competition claim, and all related trademark registrations are invalid

and should be cancelled.

## NINTH DEFENSE

U-Haul only has used the generic term "pod" or "pods" other than as a mark and/or only in a manner that is descriptive of and used fairly and in good faith to describe U-Haul's goods or services.

## TENTH DEFENSE

PEI abandoned any rights in the purported marks by failing to prevent extensive use of same by third parties without license or permission on and in connection with numerous products.

**WHEREFORE**, U-Haul respectfully requests that this Court rule or otherwise enter a judgment:

(1) Dismissing the claims in the Complaint with prejudice;

(2) Requiring PEI to pay the costs of this action and, because this is an exceptional case, reimburse U-Haul for U-Haul's reasonable attorneys' fees and expenses associated under 15 U.S.C. § 1117; and

(3) Granting such other and further relief as this Court deems just and proper.

## **COUNTERCLAIM**

Defendant/Counterclaim-Plaintiff U-Haul International, Inc. ("U-Haul") brings the following counterclaims against Plaintiff/Counterclaim-Defendant PODS Enterprises, Inc. ("PEI" or "Pods Enterprises"):

## **NATURE OF THE ACTION**

1.      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* to resolve an actual case or controversy between the parties

as to the right of U-Haul to use the generic term "pods" or "pod" in connection with U-Haul's portable moving and storage goods and services. U-Haul also seeks cancellation of U.S. Trademark Registration Nos. 2,365,848; 3,011,459; 3,666,828; and 3,689,446 pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

## PARTIES

2.      U-Haul is a Nevada corporation with its headquarters at 2727 North Central Avenue, Phoenix, Arizona. U-Haul subsidiaries offer moving services and storage services under the U-HAUL® mark and are referred to collectively with the Counterclaim Plaintiff as "U-Haul."

3.      On information and belief, PEI is a Florida corporation having its principal place of business in Clearwater, Florida.

## JURISDICTION AND VENUE

4.      This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq*. The Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

5.      Venue is proper under 28 U.S.C. §§1391.

## BACKGROUND

6.       U-Haul is one of the nation's leading moving and storage companies. Among other goods and services, U-Haul offers portable moving pods and storage pods for rent to customers looking for a convenient and flexible method to pack, store, or move their belongings.

7.      U-Haul markets and sells its portable moving and storage services under

its registered trademarks U-HAUL U-BOX ®, U-BOX®, and U-BOX WE-HAUL®.

8.      In advertising and marketing its portable moving pods and storage pods, U-Haul uses the term "pods" (or the singular form, "pod") generically, other than as a mark and in a manner that is descriptive of and used fairly and in good faith only to describe U-Haul's goods or services. Attached as **Exhibit 1** are representative pages from U-Haul's website advertising its U-BOX® pods.

9.      PEI is a direct competitor of U-Haul with regard to moving pods and storage pods and related services.

10.     Prior to filing this suit, PEI wrote letters requesting that U-Haul stop using the generic term "pods" in advertising and marketing for U-Haul's U-BOX® pods.

11.     On August 9, 2011, U-Haul wrote PEI noting, *inter alia*, that (i) U-Haul does not use the term "pods" as a trademark and (ii) U-Haul only uses the term "pods" generically. Attached as **Exhibit 2** is a true and correct copy of the August 9, 2011 letter.

12.     In the August 9, 2011 letter, U-Haul asked PEI to provide U-Haul with any "surveys showing that consumers understood the term 'pods' to be a trademark rather than generic."  PEI never provided U-Haul with any such surveys.

13.     In the August 9, 2011 letter, U-Haul requested that PEI provide U-Haul with any evidence of actual confusion arising out U-Haul's generic use of "pod" or "pods." PEI never provided U-Haul with any evidence of actual confusion.

14.     In the August 9, 2011 letter, U-Haul requested that PEI provide U-Haul with any evidence that PEI's purported mark was famous. PEI never provided U-Haul with any evidence of fame.

15.     On September 12, 2011, U-Haul wrote another letter to PEI, again requesting (i) "surveys showing that 'consumers understand the terms "pod" or "pods" to be trademarks rather than generic,'" (ii) evidence of "any instance where someone has been confused by [U-Haul's] use of the generic term 'pod' or 'pods,'" (iii) "surveys showing that [PEI's] version of 'pods' is famous," and (iv) any instances in which PEI believed that U-Haul was "[u]sing the generic terms 'pods' or 'pod' as a trademark." Attached as **<u>Exhibit 3</u>** is a true and correct copy of the September 12, 2011 letter.

16.     PEI did not provide any of the information requested in U-Haul's September 12, 2011 letter.

17.     The term "pods" is used by consumers, third-party competitors, industry participants, and the media to refer generically to portable moving pods and storage pods and related services. Attached as **<u>Exhibit 4</u>** are representative examples of such use.

### <u>FIRST CLAIM FOR RELIEF</u>
(Declaratory Judgment, 28 U.S.C. §§ 2201-2202)

18.     U-Haul repeats and incorporates by reference the allegations contained in Paragraphs 1–17 of this Counterclaim as if fully restated.

19.     PEI has alleged in this action that it owns protectable rights in the purported PODS mark.

20.     U-Haul denies that it has infringed, diluted, or in any way violated or that it continues to infringe, dilute, or in any way violate any of PEI's purported rights in the term "PODS."

21.     Further, the purported mark PODS is not protectable because it is generic for some or all of the goods and services offered by PEI.

22.     An actual, immediate, and justiciable controversy between the parties exists over whether the term "PODS" is protectable as a trademark and, if so, whether U-Haul is infringing, diluting, or otherwise violating PEI's rights in the purported PODS mark.

23.     U-Haul has been and will continue to be damaged by the persistent uncertainty created by PEI with respect to U-Haul's legitimate use of the generic term "pods" or "pod."

24.     Accordingly, U-Haul is entitled to a declaration by this Court that (1) U-Haul's use of "pods" or "pod" does not infringe, dilute, or otherwise violate PEI's purported rights and (2) that PEI cannot and does not have any protectable trademark rights in the term "pods" or "pod."

## SECOND CLAIM FOR RELIEF
(Cancellation of U.S. Trademark Registration No. 2,365,848)

25.     U-Haul repeats and incorporates by reference the allegations contained in Paragraphs 1–17 of this Counterclaim as if fully restated.

26.     PEI has alleged in this action that it owns U.S. Trademark Registration No. 2,365,848.

27.     U.S. Trademark Registration No. 2,365,848 for the purported mark PODS in connection with "metal containers for the storage and transportation of goods" and "paper and cardboard packing boxes" is invalid and unenforceable because PODS is the generic name for some or all of the goods and services identified in the registration.

28.     U-Haul has been and continues to be injured by the existence of U.S. Registration No. 2,365,848 and PEI's claim of exclusive rights in the purported PODS

trademark in connection with portable moving and storage services and related goods.

29.     Because PEI is not entitled to maintain any rights to the purported PODS trademark, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. § 1119 to the Director of the United States Patent and Trademark Office that U.S. Registration No. 2,365,848 be cancelled.

### THIRD CLAIM FOR RELIEF
(Cancellation of U.S. Trademark Registration No. 3,011,459)

30.      U-Haul repeats and incorporates by reference the allegations contained in Paragraphs 1–17 of this Counterclaim as if fully restated.

31.     PEI has alleged in this action that it owns U.S. Trademark Registration No. 3,011,459.

32.     U.S. Trademark Registration No. 3,011,459 for the purported mark PODS in connection with "[m]oving and storage services, namely, rental, storage, delivery and pick up of portable storage units" is invalid and unenforceable because PODS is the generic name for some or all of the goods and services identified in the registration.

33.     U-Haul has been and continues to be injured by the existence of U.S. Registration No. 3,011,459 and PEI's claim of exclusive rights in the purported PODS trademark in connection with portable moving and storage services.

34.     Because PEI is not entitled to maintain any rights to the purported PODS trademark, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. § 1119 to the Director of the United States Patent and Trademark Office that U.S. Registration No. 3,011,459 be cancelled.

## FOURTH CLAIM FOR RELIEF
(Cancellation of U.S. Trademark Registration No. 3,666,828)

35.     U-Haul repeats and incorporates by reference the allegations contained in

Paragraphs 1–17 of this Counterclaim as if fully restated.

36.     PEI has alleged in this action that it owns U.S. Trademark Registration

No. 3,666,828.

37.     U.S. Trademark Registration No. 3,666,828 for the purported mark PODS

PORTABLE ON DEMAND STORAGE & Design in connection with "[m]etal

containers for the storage and transportation of goods" and "[m]oving and storage

services, namely, rental, storage, delivery and pick up of mobile storage containers" is

invalid and unenforceable because PODS and PORTABLE ON DEMAND STORAGE

are the generic names for some or all of the goods and services identified in the

registration, or in the alternative, the purported PODS PORTABLE ON DEMAND

STORAGE mark is merely descriptive and lacks acquired distinctiveness or secondary

meaning. At the very least, the generic term "PODS" should be disclaimed in the

registration.

38.     U-Haul has been and continues to be injured by the existence of U.S.

Registration No. 3,666,828 and PEI's claim of exclusive rights in the purported PODS

PORTABLE ON DEMAND STORAGE trademark in connection with portable moving

and storage services.

39.     Because PEI is not entitled to maintain any rights to the purported PODS

PORTABLE ON DEMAND STORAGE trademark, including those rights accompanying

a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. §

1119 to the Director of the United States Patent and Trademark Office that U.S.

Registration No. 3,666,828 be cancelled.

**FIFTH CLAIM FOR RELIEF**
(Cancellation of U.S. Trademark Registration No. 3,689,446)

40.     U-Haul repeats and incorporates by reference the allegations contained in

Paragraphs 1–17 of this Counterclaim as if fully restated.

41.     PEI has alleged in this action that it owns U.S. Trademark Registration

No. 3,689,446.

42.     U.S. Trademark Registration No. 3,689,446 for the purported mark PODS

PORTABLE ON DEMAND STORAGE & Design in connection with "[m]etal

containers for the storage and transportation of goods" and "[m]oving and storage

services, namely, rental, storage, delivery and pick up of mobile storage containers" is

invalid and unenforceable because PODS and PORTABLE ON DEMAND STORAGE

are the generic names for some or all of the goods and services identified in the

registration, or in the alternative, the purported PODS PORTABLE ON DEMAND

STORAGE mark is merely descriptive and lacks acquired distinctiveness or secondary

meaning. At the very least, the generic term "PODS" should be disclaimed in the

registration.

43.     U-Haul has been and continues to be injured by the existence of U.S.

Registration No. 3,689,446 and PEI's claim of exclusive rights in the purported PODS

PORTABLE ON DEMAND STORAGE trademark in connection with portable moving

and storage services.

44.     Because PEI is not entitled to maintain any rights to the purported PODS

23

PORTABLE ON DEMAND STORAGE trademark, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. § 1119 to the Director of the United States Patent and Trademark Office that U.S. Registration No. 3,689,446 be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, U-Haul prays for the following relief

    (A)    An order declaring that

        (1) U-Haul's use of the term "pods" or "pod" does not infringe or dilute PEI's purported marks or violate any of PEI's purported rights; and

        (2) The purported mark "PODS" is not a valid, protectable, or registrable trademark; and

        (3) The purported mark "PODS PORTABLE ON DEMAND STORAGE" is not a valid, protectable, or registrable trademark.

    (B)    An order cancelling

        (1) U.S. Trademark Registration No. 2,365,848 in its entirety;

        (2) U.S. Trademark Registration No. 3,011,459 in its entirety;

        (3) U.S. Trademark Registration No. 3,666,828 in its entirety; and

        (4) U.S. Trademark Registration No. 3,689,446 in its entirety.

    (C)    A permanent injunction enjoining PEI, its officers, agents, distributors, and employees from interfering in any manner with U-Haul's use of the term "pods" or "pod" in relation to U-Haul's products in the United States;

    (D)    An award to U-Haul of its attorneys' fees and costs incurred in connection

with this action; and

     (E)     Such other further relief to which U-Haul may be entitled.


Dated:  September 17, 2012            Respectfully submitted,


                        /s/ William P. Cassidy, Jr.
                        WILLIAM P. CASSIDY, JR.
                        Florida Bar No. 332630
                        wcassidy@shutts.com
                        SHUTTS & BOWEN LLP
                        4301 W. Boy Scout Blvd., Suite 300
                        Tampa, FL  33607
                        (813) 229-8900
                        (813) 229-8901 (facsimile)

                        -and-

                        RICHARD C. HENN, JR.
                        CHenn@kilpatricktownsend.com
                        WILLIAM H. BREWSTER
                        BBrewster@kilpatricktownsend.com
                        KILPATRICK TOWNSEND & STOCKTON
                        LLP
                        1100 Peachtree Street, Suite 2800
                        Atlanta, GA  30309-4528
                        (404) 815-6500
                        (404) 541-3240 (facsimile)
                        *Seeking Pro Hac Vice Admission*

                        *Attorneys for Defendant/Counterclaim-Plaintiff,*
                        *U-Haul International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and/or U.S. Mail on this 17th day of September, 2012 to:

Jonathan B. Sbar, Esquire
ROCKE McLEAN & SBAR
2309 S. MacDill Avenue
Tampa, FL  33629
*Attorneys for Plaintiff/Counterclaim-Defendant*

/s/ William P. Cassidy, Jr.