UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PODS ENTERPRISES, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> U-HAUL INTERNATIONAL, INC. <br><br> Defendant/Counterclaim-Plaintiff. | CASE NO.: 8:12-cv-01479-JDW-MAP |

**PLAINTIFF PODS ENTERPRISES, INC.'S MOTION TO STRIKE AND EXCLUDE EXPERT TESTIMONY AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, PODS Enterprises, Inc. ("PODS"), moves to strike and exclude the expert reports and testimony of five of the ten rebuttal experts submitted by Defendant, U-Haul International, Inc.'s ("U-Haul") panel of thirteen expert witnesses. The opinions offered by U-Haul do not constitute rebuttal testimony and permitting their use would severely prejudice PODS.

**Background**

PODS sued U-Haul in this matter for claims arising from U-Haul's infringement and unlawful use of PODS' brand name. The brand name "PODS" is protected and registered in the United States and throughout the world in 48 countries. PODS owns four U.S. Trademark Registrations issued by the United States Patent and Trademark Office and which comprise, in whole or in part, the term "PODS." Although PODS had used its brand name and trade name PODS for over a decade and had obtained federal trademark protection for its mark, in approximately 2010, U-Haul began to use the name "pods" or "pod" in its advertising and marketing materials to sell a competing storage and moving container. U-Haul uses the PODS

2

mark by displaying the terms "U-Box pods," "moving pods," "storage pods," "storage and moving pods," "moving and storage pod," "pod," and "pods" on the U-Haul Website. At present, U-Haul's website contains over 300,000 references to the terms "pod" or "pods." These references were added to the U-Haul website at the direction of U-Haul's Chairman in order to drive traffic to the U-Haul site for consumers searching for the PODS' branded containers. U-Haul has succeeded in this regard, as the number of visits to the U-Haul site (and the resulting revenues generated therefrom) increased dramatically since it began using the terms "pod" and "pods" throughout its website. U-Haul claims the term "pods" is "generic" and that it is free to use PODS' mark in any way it wishes. U-Haul filed a counterclaim seeking a declaration that its use of PODS' brand name is lawful and seeking cancellation of PODS' trademarks. The case is set for jury trial on the trial term beginning May 5, 2014. The Court's Case Management and Scheduling Order (Doc. 23) set the following expert disclosure deadlines:

Expert witness disclosure deadline pursuant to Fed. R. Civ. P. 26(a)(2): August 2, 2013.

Rebuttal expert(s) shall be disclosed within (20) days after the initial disclosures.[1]

Subsequently, the expert witness disclosure deadlines were amended at the joint request of the parties so that initial expert reports were due December 1, 2013 and rebuttal expert reports were due January 6, 2014. (Doc. 45).

U-Haul has retained thirteen different experts, and submitted six initial reports and ten rebuttal reports as follows:[2]

---

[1] The Court did not accept the portion of the parties' Case Management Report (Doc. 22) regarding experts which stated "Initial Expert Report (by party bearing burden of proof on an issue)" and "Responsive Expert Report (by party not bearing burden of proof on an issue)."

[2] By contrast PODS has a total of three experts that submitted three initial expert reports and two rebuttal reports. U-Haul also claims that PODS should be required to pay the fees charged by each of its 13 experts for depositions. For example, U-Haul has submitted to PODS a $7,000 charge from Philip Johnson for his deposition appearance.

**Initial Expert Reports**

**Wendy Wood**:  initial report including survey purporting to demonstrate that the terms "PODS" and "POD" are generic;

**Robert Dail**:  initial report regarding the alleged uses of the terms "PODS" and "POD" by the U.S. military;

**Robert Leonard:**  initial report purporting to perform a linguistic analysis of meaning and usage in American English of the terms "PODS" and "POD";

**Scott Phillips:**  initial report purporting to determine that U-Haul has earned no profits attributable to its use of the terms "PODS" and "POD";

**R. David Wallace:**  initial report purporting to determine that PODS has used the term in a generic manner in its audited financial statements;

**Lynne Beresford:**  report purporting to discuss practices and procedures of the United States Patent and Trademark Office regarding registration of trademarks;

**"Rebuttal" Reports**

**Wendy Wood**:  report purporting to review and consider paragraph 120 of the Expert Report of PODS' expert, Russell Winer;

**Scott Phillips**:  report purporting to analyze expert report of PODS expert, Walter Bratic, regarding PODS damage claim, and also purporting to opine on "brand strategy" and whether the term "pod" or "pods" are generic or descriptive terms;

**R. David Wallace:**  report purporting to opine on various aspects of the documents referred to in Paragraphs 106 and 107 of the expert report of Walter Bratic;

NY 74929029v1

**Randy Weissman**: report purporting to conclude that PODS and U-Haul are not competitors based on certain alleged differences between the portable storage containers offered by PODS and U-Haul;

**David Neal**: report including survey purporting to determine there is no likelihood of dilution of PODS trademark associated with U-Haul's use of the terms "PODS" and "POD";

**Gerald Ford**: report including survey conducted November 22, 2013 – December 12, 2013 purporting to demonstrate that the PODS trademark is not widely recognized as a designation of source of goods and services of PODS, and therefore is not famous;

**Hal Poret**: report including survey conducted August 29, 2013- October 7, 2013 purporting to demonstrate that U-Haul's use of the terms "PODS" and "POD" does not create a likelihood of confusion with respect to PODS' trademark;

**Philip Johnson**: report including survey conducted September 25, 2013- October 13, 2013 purporting to demonstrate that U-Haul's use of the terms "PODS" and "POD" does not create a likelihood of confusion with respect to PODS' trademark.

**Jonathan Hochman**: report purporting to review and comment on the reports of PODS' experts, Chris Silver Smith, Russell Winer and Walter Bratic with respect to U-Haul's use of the terms "PODS" and "POD";

**Erich Joachimsthaler**: report purporting to determine that it is unlikely that consumer confusion occurs resulting from U-Haul's use of the terms "POD" and "PODS"; purporting to determine that PODS is not a well-known and famous trademark; and purporting to determine that U-Haul's actions have not caused brand dilution.

NY 74929029v1

**Analysis**

The Court should strike and exclude the "rebuttal" reports and potential testimony of Gerald Ford ("Ford"), Hal Poret ("Poret"), Philip Johnson ("Johnson"), David Neal ("Neal") and Randy Weissman ("Weissman") because the reports do not constitute proper rebuttal expert testimony, contrary to this Court's scheduling order and Federal law.[3]  Copies of the reports are attached as Exhibits A-E.  Even though none of PODS' expert reports included surveys of the general public, the U-Haul rebuttal reports of Ford, Poret, Johnson and Neal contain purported surveys regarding perceptions of PODS' brand name that commenced **prior** to the initial witness disclosure deadlines and necessarily do not constitute rebuttal testimony.[4]  Weissman's report does not include a survey but also should be stricken, and his testimony excluded, because his report is not rebuttal testimony. Weissman's report does not even claim its purpose is to rebut the initial reports of PODS' experts or otherwise reference the testimony of PODS' experts.

Under Rule 26(2)(D)(ii), rebuttal testimony is permitted "if the evidence is intended **solely to contradict or rebut** evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) within 30 days after the other party's disclosure." (emphasis added).  The burden of laying a foundation for the admission of expert testimony is on the party offering the expert. *In re: Trasylol Products Liability Litigation*, 2010 WL 4065436, *2 (S.D. Fla. Aug. 10, 2010) (citation omitted).  Rebuttal testimony is allowed "only when it directly addresses an assertion raised by an opponent's experts." *Id.*  Further, even a rebuttal report that "casts doubt on an opposing expert's report" cannot be admitted as rebuttal evidence if it offers a "separate and distinct analysis." *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*,

---

[3] PODS anticipates that it will have additional grounds to exclude various U-Haul experts and expects to make additional filings regarding U-Haul's designated experts, including, but not limited to, *Daubert* motions.

[4] Poret's survey was completed October 7, 2013.  Johnson's survey was completed October 13, 2013.   Ford's survey started on November 22, 2013 and was completed on December 12, 2013, six days after the December 6, 2013 initial report deadline.   Neal's report does not indicate when it was conducted.

2005 WL 2465020, *4-5 (M.D. Fla. Oct. 6, 2005). *See Daly v. Fesco Agencies NA, Inc.*, 108 Fed Appx. 476, 479-80 (9th Cir. 2004) (prohibiting an expert from testifying about the results of an experiment disclosed in a rebuttal report because it did not constitute rebuttal evidence).

The rebuttal evidence offered by U-Haul could not possibly be offered solely to contradict or rebut expert testimony offered by PODS because PODS did not conduct any surveys, and each U-Haul report relies on surveys that were conducted before PODS even submitted its initial expert reports. U-Haul understands that any survey information should have been included in its initial expert reports as evidenced by the fact that the initial report of U-Haul's expert, Wendy Wood, contains a survey purporting to demonstrate that PODS' marks are generic.

The Court should not allow U-Haul to offer "rebuttal" reports containing surveys conducted by other experts prior to the initial expert disclosures. U-Haul's attempt to include surveys in multiple rebuttal reports is "a clear-cut form of sandbagging and is simply unfair." *In re Florida Cement and Concrete Antitrust Litigation*, 278 F.R.D. 674, 684 (S.D. Fla. 2012) (citation and internal quotations omitted) (determining that it was improper for a party to include regression and correlation analysis as proof of price fixing in a rebuttal report). U-Haul's "gamesmanship in this regard is precisely what the Rules were intended to prevent." *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, *5 (S.D.N.Y. Dec. 18, 2009) (determining expert's "supplemental" report did not qualify as a reply report when it included testing that could have been conducted before the expert's initial report was drafted). Any claim by U-Haul that it was permitted to submit "rebuttal" expert testimony with respect to issues it claims PODS bears the burden of proof is inconsistent with the unambiguous terms of this Court's Scheduling Order.

U-Haul's untimely disclosure of five rebuttal reports with four containing voluminous surveys will severely prejudice PODS. Had U-Haul filed these reports when it should have, i.e., as part of its opening expert reports (in addition to the survey performed by Wood), PODS could have had its current confusion expert, Russell Winer ("Winer"), prepare responsive reports prior to the January 6th rebuttal deadline. U-Haul purposefully chose to hold these reports back and not submit them as part of its initial expert disclosure to prevent PODS from having the opportunity to respond under this Court's Scheduling Order. Moreover, because of other previously scheduled commitments, Winer would be unable to complete such a task until late February. Given that the Daubert and dispositive motion deadlines are February 10, 2014 and that trial is scheduled for the May 5, 2014 trial term, it is not feasible for PODS to respond to the "rebuttal" reports and for the Court to maintain the present trial schedule.[5]

PODS opposes any continuance of the trial because U-Haul continues to benefit from the unauthorized use of PODS' mark during the pendency of the dispute. U-Haul will not be damaged by the exclusion of the testimony and witnesses as requested by PODS because it has provided rebuttal reports from five other expert witnesses. U-Haul should not be permitted to gain a tactical advantage by failing to disclose surveys and witnesses as clearly required by this Court's Scheduling Order.

WHEREFORE, PODS requests this Court issue an order (a) striking and excluding the rebuttal reports and testimony of Gerald Ford, Hal Poret, Philip Johnson, David Neal and Randy Weissman, or (b) in the alternative, treating the reports as initial reports and allowing PODS 30 days to file rebuttal reports, and (c) granting such additional relief the Court deems proper.

---

[5] Prior to learning of the limitations on Winer's schedule, PODS' counsel initially suggested to counsel for U-Haul that U-Haul agree to allow PODS to respond to the challenged rebuttal reports containing surveys and that the parties jointly propose an adjustment to the Daubert and dispositive motion deadline. U-Haul's counsel declined PODS' proposal.

NY 74929029v1

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), and as indicated herein, counsel for PODS has conferred with counsel for U-Haul, who is unwilling to agree to the relief requested.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
Jonathan B. Sbar, FBN 131016
Raul Valles, Jr., FBN 148105
ROCKE McLEAN & SBAR
2309 S. MacDill Avenue
Tampa, FL 33629
Phone: 813-769-5600
Fax: 813-769-5601
Email: jsbar@rmslegal.com
rvalles@rmslegal.com
and

Joseph Diamante
Charles E. Cantine
Jason M. Sobel
Vivian Luo
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038-4982
Email:  jdiamante@stroock.com
ccantine@stroock.com
jsobel@stroock.com
vluo@stroock.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 24th day of January, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL  33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
         chenn@kilpatricktownsend.com
         japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

                                    /s/ Jonathan B. Sbar
                                    Jonathan B. Sbar

NY 74929029v1