UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff,

vs.                                Case No. 8:12-cv-01479-T-27MAP

U-HAUL INTERNATIONAL, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is U-Haul International Inc.'s Motion to Exclude the Expert Testimony of Walter Bratic (Dkt. 153), which Plaintiff opposes (Dkt. 201). Upon consideration, the motion (Dkt. 153) is DENIED.

Plaintiff PODS Enterprises, Inc. engaged Walter Bratic to render an opinion as to the damages to which PEI is entitled as a result of U-Haul's alleged infringement of PEI's trademarks. Dkts. 156-21, 156-22. Bratic opines as to the amount of damages to which PEI is entitled in several categories, including profits, a reasonably royalty, corrective advertising, and avoided costs. U-Haul moves to exclude his opinions as unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

### *Profits*

U-Haul first argues that Bratic's opinion concerning profits should be excluded because he fails to establish what portion of U-Haul's profits was attributable to, or caused by, U-Haul's allegedly infringing use of PEI's marks on its website. This argument is unpersuasive.

1

The Lanham Act provides that a successful plaintiff in a trademark infringement action may recover (1) the defendant's profits; (2) any damages sustained by the plaintiff; and (3) the cost of the action. 15 U.S.C. § 1117; *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564 (11th Cir. 1986). Courts have "considerable discretion" in fashioning an award of the defendant's profits, which is to be guided by principles of equity. *Burger King Corp. v. Mason*, 710 F.2d 1480, 1495 (11th Cir. 1983). Section 1117 also provides for the adjustment of any profits award if it is inadequate or excessive. *Id.* "[N]o hard and fast rules dictate the form or quantum of relief" for a Lanham Act violation. *Id.* at 1495 n.11.

A plaintiff need not demonstrate actual damages in order to obtain an accounting for profits. *Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988). An accounting for profits is appropriate where (1) the defendant's conduct is a deliberate and willful violation; (2) the infringer is unjustly enriched; or (3) the sanction is necessary for future deterrence. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1521 (11th Cir. 1990). To prove the quantum of profits that should be awarded, a plaintiff need only "prove the infringer's sales." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987). "The burden then shifts to the defendant, which must prove its expenses and other deductions from gross sales." *Id.* Shifting the burden to the defendant to prove costs and deductions from total sales has been the law of the land since *Mishawaka Rubber & Woolen Manufacturing. Co. v. S.S. Kresge Co.*, 316 U.S. 203 (1942).

U-Haul's argument that PEI must demonstrate the portion of U-Haul's profits attributable to the infringing use of the mark on its website is contradicted by the burden-shifting framework of *Mishawaka. See id.* at 206 ("If it can be shown that the infringement had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the

defendant's recommendation or his reputation or for any reason other than a response to the diffused appeal of the plaintiff's symbol, the burden of showing this is upon the poacher."). Even if Bratic was required to set forth a profits calculation based on causation, he has arguably done so, and U-Haul does not argue that the calculation is unreliable or that it would not be helpful to the jury. *See* Dkt. 156-21 ¶ 68 ("Based on the application of these apportionment factors, I have preliminarily determined that U-Haul generated between $64.1 and $92.7 million in U-Box sales *associated with its infringement* of the PODS Marks . . . .") (emphasis added); *see generally id.* ¶¶ 63-68. Given the broad discretion accorded to the district court in fashioning a profits award, Bratic's profits opinion is admissible. *Mason*, 710 F.2d at 1495. U-Haul's remaining arguments go to the weight of Bratic's profits opinion and may be addressed on cross-examination.[1]

### *Reasonable Royalty*

U-Haul next contests Bratic's calculation of a reasonable royalty. The Eleventh Circuit has consistently approved a reasonable royalty as a measure of damages in trademark infringement cases. *ITT Corp. v. Xylem Grp., LLC*, 963 F. Supp. 2d 1309, 1329-30 (N.D. Ga. 2013) (citing *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1519–20 (11th Cir. 1990); *Ramada Inns*, 804 F.2d at 1565; *Boston. Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 597 F.2d 71, 76 (5th Cir.1979)).[2] The *Georgia-Pacific* methodology for hypothesizing a licensing arrangement and arriving at a reasonable royalty is well-established, and U-Haul does not contest its use. *See Lucent*

---

[1] U-Haul's extensive reliance on *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 2006 WL 1663357 (N.D. Ga. June 14, 2006), is unavailing. The expert's opinion in that case was excluded because he relied on facts excluded from evidence and included damages for multiple claims that had been dismissed. *Id.* at *5.

[2] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324–25 (Fed. Cir. 2009); *Ga.-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Rather, U-Haul contends that Bratic's application of the *Georgia-Pacific* framework is "so flawed as to render his opinion inadmissible." Dkt. 153 at 11.

U-Haul first argues that the reasonable royalty opinion must be excluded because his calculation includes all gross revenues from the sale of U-Box products. The Court disagrees. *See* Dkt. 156-22 ¶ 147. U-Haul's second argument that Bratic fails to explain his use of comparable licenses is similarly incorrect. Bratic extensively discusses his use of comparable licenses and licensing fees. *See id.* ¶¶ 123-128, 140-142. U-Haul's final argument that Bratic's opinion should be excluded because it is based on the unreasonable inference that U-Haul infringed PEI's marks is nothing more than a merits, and is likewise unpersuasive. Bratic's reasonable royalty opinion uses a well-accepted methodology and is reasoned and discussed at length. It is reliable and will be helpful to the jury in determining a reasonable royalty.

### *Corrective Advertising and Avoided Costs*

U-Haul contends that Bratic's opinions as to corrective advertising and avoided costs should be excluded because he simply incorporates Dr. Russell Winer's calculations. This argument fails. *See* Fed. R. Evid. 702 *committee notes* (2000) ("The term 'data' is intended to encompass the reliable opinions of other experts."). Trademark infringement damages are cumulative, and Bratic was retained to render an opinion as to the entire picture of damages, which he has done by incorporating the reliable opinion of Dr. Winer. *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994).

Accordingly, U-Haul International Inc.'s Motion to Exclude the Expert Testimony of Walter

4

Bratic (Dkt. 153) is **DENIED**.

**DONE AND ORDERED** this 27th day of June, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record