UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff,

vs.                                              Case No. 8:12-cv-01479-T-27MAP

U-HAUL INTERNATIONAL, INC.,

    Defendant.
_____/

## PRETRIAL ORDER

After discussion during the Preliminary Pretrial Conference, it is estimated that a maximum of 10 days will be necessary to try this case. The Pretrial Conference is rescheduled to 1:30 p.m., July 17, 2014. The Joint Pretrial Statement is due July 17, 2014. The following procedures are applicable to the trial:

    1.    *__Efficiency__*: It is imperative that the parties, through counsel, commit to an efficient presentation of the evidence. For example, unduly lengthy opening statements and closing arguments will not occur. Opening statements should not exceed 30 minutes. Time consuming motions and objections during trial are to be avoided. Cumulative evidence, including repetitive and cumulative questioning of witnesses will not be permitted. *See* FED. R. EVID. 403.

    2.    *__Examination of Witnesses and Presentation of Evidence__*: Examination of witnesses shall be limited to direct examination, cross-examination and re-direct examination. *See* FED. R. EVID. 611. Examination of witnesses shall be conducted efficiently, with civility, and in accordance with the Local Rules. For example, in the interest of facilitating the flow of the trial and

1

avoiding unnecessary delays, counsel shall refrain from repeating witnesses' answers, leading their witnesses during direct examination, and asking lengthy compound questions on cross-examination followed by "isn't that true?," "correct?," "right?," or words to this effect, all of which suggest that counsel is essentially testifying, rather than eliciting facts. *See United States v. Crumpler*, 229 Fed. Appx. 832, 838 (11th Cir. 2007), *cert. denied*, 552 U.S. 952 (2007); *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011) (trial court required to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" in order to ensure that evidence is presented effectively for the ascertainment of truth, time is conserved, and witnesses are protected from harassment).

The parties are directed to discuss the elimination of unnecessary records custodian witnesses. If a legitimate concern with authenticity exists with respect to a particular exhibit, lead counsel shall communicate that concern to opposing counsel, who shall, unless the authenticity concern has been resolved, have available the appropriate records custodian witness.

3. ***Objections***: In making objections, counsel making the objection shall stand and announce the **legal basis** for the objection without further argument. *See* Local Rule 5.03(b)(12). The responding attorney shall respond accordingly, giving only the **legal basis** for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of either attorney or upon the Court's own directive.

4. ***Jury Instructions***: Lead counsel are responsible for jury instructions and verdict forms. Proposed jury instructions and verdict forms shall be filed and exchanged no later than the close of business on the last business day of July, 2014, unless otherwise ordered during the

Pretrial Conference. Counsel are directed to discuss their respective proposed instructions, agree on those to which there is no substantive objection, and cooperate in resolving any substantive objections to ensure that the instructions are correct statements of the law. Counsel are encouraged to exchange any concerns or objections and share applicable citations to authority with respect to any objection. The objective is to reach agreement on a majority if not all of the jury instructions, and to identify those instructions to which substantive objection is made, which should facilitate an efficient charge conference.

Proposed instructions shall generally follow the format of the Eleventh Circuit's Pattern Jury Instructions and/or the Florida Supreme Court's Standard Jury Instructions in Civil Cases. Instructions shall be objective statements of the law applicable to the case. Contentious instructions will not be given. Each proposed instruction shall cite the legal authority for the instruction, either a Circuit Court of Appeals or Supreme Court opinion or authoritative treatise on federal jury instructions. String citations are discouraged. **All** modifications to a pattern instruction shall be clearly noted by underlining or other appropriate manner. Counsel shall provide one hard copy set, and a CD or jumpdrive (WordPerfect format), of proposed jury instructions and verdict form to the Court on the first morning of trial.

Proposed instructions not meeting these requirements and the requirements of the Local Rules will be rejected and returned to counsel.

5. *Trial Exhibits*: All exhibits shall be pre-marked in accordance with Local Rule 3.07. No later than the close of business on the last business day before commencement of the trial, each attorney shall file their trial exhibit list, numbered in the sequence in which the attorney will tender same. Counsel shall provide the Court with three copies of their exhibit list the morning

of trial. The exhibit list shall describe the exhibit sufficiently for the Court to identify it.[1]

6.   *Witness List*: No later than the close of business on the last business day before commencement of the trial, each attorney shall file their trial witness list, listing the full names of the witnesses who will be called and any professional designation applicable to that witness (e.g., M.D.). The list should also, if necessary, include a phonetic spelling of the name. Counsel shall provide the Court with three copies of their witness list the morning of trial.

7.   *Exchange of Trial Exhibit and Witness Lists:* On or before the close of business on the last business day before commencement of the trial term, the parties shall:

(a)   Exchange trial exhibit lists, listing with specificity each exhibit expected to be offered into evidence, denoting which exhibits are composite exhibits.

(b)   Exchange trial witness lists, listing each witness the parties expect to actually call to testify, including any witness testifying via deposition.

8.   Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate conduct in the presence of the jury. Inappropriate conduct includes, but is not limited to, facial gestures and audible comments.

9.   Any witnesses or exhibits not listed in accordance with the Pretrial Order will not be allowed to testify or admitted absent extraordinary or compelling reasons outside the control of the attorneys. See *R.M.R. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812 (11th Cir. 1999); *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982).

10.   *Expert Witnesses*: Counsel shall not "tender" expert witnesses to the Court

---

[1] Demonstrative exhibits shall also be listed on the exhibit list.

in the presence of the jury.

    11. **_Review of Exhibits_**: Not later than close of business on the last business day before commencement of the trial term, the attorneys shall meet and review all proposed exhibits, including demonstrative exhibits. Copies of any exhibits requested shall be furnished to opposing counsel at that time if not previously furnished. Accordingly, during the presentation of evidence, it shall not be required, and counsel are directed not to "tender" any exhibit to opposing counsel for review in the presence of the jury. The exhibit shall be pre-marked for identification, tendered to the witness and after sufficient evidentiary predicate has been established, tendered to the Court and offered into evidence.

    12. **_Deposition Transcript Review_**: In the event any party intends to publish to the jury all or any portion of a deposition transcript, the party shall, not later than the close of business on the day preceding the publication of the deposition transcript, deliver to opposing counsel a page and line reference of all testimony intended to be published. Any and all objections to any portions of deposition transcripts to be offered into evidence shall be made known to the Court outside the presence of the jury and shall be considered by the Court prior to the publishing of any such deposition transcripts.

    13. **_Daily Transcripts_**: To avoid unnecessary and unwarranted interruption of trial proceedings, and to promote the efficient use of judicial resources, any party desiring daily transcripts of trial proceedings shall, prior to commencement of trial, file a motion designating those parts sought to be transcribed. If the assigned court reporter is able to accommodate the request, counsel for the requesting party shall immediately make arrangements with the court reporter for payment of the cost of the original transcript, including any expedited transcript charges. The party

seeking transcripts shall serve a copy of the request on opposing counsel, who shall be entitled to a copy of the transcript, upon payment of the court reporter's charge for the copy.

14. Counsel desiring to use electronic evidence presentation equipment during trial shall contact Courtroom Clerk, for instructions. Cellular telephones are not permitted in the courtroom, under any circumstances.

15. Counsel desiring to access wireless internet within the courtroom shall file a motion to that effect. Counsel granted access to the internet are subject to the terms and conditions set forth in the Middle District's "Order on Conditions Applicable to Using Internet." Counsel shall certify in their motion that they have read the Order and agree to adhere to the terms and conditions therein. *See* http://www.flmd.uscourts.gov/Announcements/WifiOrder.pdf

17. The conduct of this trial shall be consistent with Local Rule 5.03, United States District Court for the Middle District of Florida, "Courtroom Decorum," other than as modified herein.

**DONE AND ORDERED** this 1ST day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record