UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff,

vs.                                                                Case No. 8:12-cv-01479-T-27MAP

U-HAUL INTERNATIONAL, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is U-Haul International Inc.'s Motion to Exclude the Expert Reports and Testimony of Dr. Russell Winer (Dkt. 152), which Plaintiff opposes (Dkt. 200). Upon consideration, the motion (Dkt. 152) is **GRANTED** *in part* and **DENIED** *in part*.

U-Haul first argues that Dr. Winer's opinion as to the likelihood of consumer confusion should be excluded. The Court agrees. In his report, Dr. Winer makes the following statement:

> While I am not qualified nor have I been asked to provide an opinion on the likelihood of confusion between PODS' and U-Haul's offerings, the *Sleekcraft* factors (listed above) closely follow the types of information that I, as a marketing expert, would consider in assessing whether U-Haul's misappropriation of PODS's trademark or variations thereof is likely to affect perceptions of the PODS brand in the minds of consumers and concomitant purchasing behavior of consumers.

Dkt. 157-3 ¶ 124. Notwithstanding, Dr. Winer analyzes each of the likelihood of confusion factors set forth by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), and provides a brief opinion on whether each factor is met. Dkt. 157-3 ¶¶ 126-134. Dr. Winer also opines that a consumer "could easily form the impression that U-Haul rents PODS containers" by looking at the U-Haul website, which is essentially an opinion on the likelihood of consumer

1

confusion. Dkt. 157-3 ¶ 149.

Such testimony would not be helpful to the jury for three reasons. First, Dr. Winer admits that he is not qualified to render an opinion on the likelihood of confusion, yet he analyzes each factor and renders an opinion that each is met and that confusion is likely. This is tantamount to rendering an opinion on the ultimate issue, which he is not qualified to do. *See also* Dkt. 189 at 85:2-6 ("I'm referring to the belief specifically that consumers could be confused as to whether U-Haul sells PODS-branded products and services . . . ."). Second, the opinion "offers nothing more than what lawyers for the parties can argue in closing arguments." *U.S. v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). And third, Dr. Winer's summary conclusions may confuse the jury as to its ultimate task of deciding whether there is a likelihood of consumer confusion from the alleged infringement.[1] *See Thomas v. Evenflo, Inc.*, 205 Fed. Appx. 768, 771-72 (11th Cir. 2006) (expert testimony probative value cannot be substantially outweighed by potential to confuse the jury given 'the powerful and potentially misleading effect of expert evidence'") (quoting *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004)).[2]

Dr. Winer's testimony as to a likelihood of confusion by way of the *Sleekcraft* factors and his personal opinion that consumers could easily form the impression that U-Haul rents PODS containers is therefore inadmissible. *See Rush Indus., Inc. v. Garnier LLC*, 390 Fed. Appx. 431, 432-

---

[1] For example, the first factor in a likelihood of confusion analysis is the strength of the mark. *Tana v. Dantanna's*, 611 F.3d 767, 774-75 (11th Cir. 2010). In determining the strength of the mark, courts look to the categorization of the mark (i.e., generic, descriptive, suggestive, or arbitrary), the degree to which third parties make use of the mark, and whether the mark contains common formative components. *See You Fit, Inc. v. Pleasanton Fitness, LLC*, No. 8:12-cv-1917-T-27EAJ, 2013 WL 521784, at *2-4 (M.D. Fla. Feb. 11, 2013) (Whittemore, J.). Dr. Winer's assessment of the strength of PEI's mark is based entirely on the gross investment in advertising. His conclusion that the mark is strong on this basis alone could be confusing to the jury.

[2] *See also Frazier*, 387 F.3d at 1263 ("Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse.").

33 (2d Cir. 2009) (excluding expert testimony on likelihood of confusion because it consisted "almost entirely of discussion and application of legal standards"); *Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, No. 6:03-cv-116-Orl-22JGG, 2004 WL 5486964, at *7 (M.D. Fla. Oct. 5, 2004) (excluding expert testimony on likelihood of confusion for failure to track elements of binding precedent). *Cf. John H. Harland Co. v Clarke Checks, Inc.*, 711 F.2d 966, 979 n.23 (11th Cir. 1983) (expert testimony on likelihood confusion not entitled to "much weight").

U-Haul also argues that Dr. Winer's opinions as to whether the terms *pod* and *pods* are generic are also inadmissible. In his report, Dr. Winer concludes that "[b]y misusing the PODS trademark *as a generic category descriptor* on its Internet pages and on other materials, U-Haul has harmed PEI, diluted the PODS trademark and thereby lessened the value of the PODS brand, and enriched itself." Dkt. 157-3 ¶ 115 (emphasis added). His rebuttal report also contains "some general comments" regarding genericness:

> I have also been asked by PEI counsel to provide some general comments stating my opinion about the relevance and persuasiveness of some of the evidence that has been presented in the proceedings to date. In particular, I have been asked to give my opinion about the examples of misuse of the PODS name and its variations that have been presented as evidence that the PODS name is understood as a generic term or category descriptor by the relevant purchasing/consuming population.

Dkt. 157-4 ¶ 60. *See id.* ¶¶ 61-65 (commenting on genericness and the "understanding" of customers).

Although Dr. Winer testified that he is not providing an opinion on genericness, Dkt. 189 at 247:3-15, his reports suggest the contrary. Dr. Winer admits that he has no qualifications to offer an opinion on genericness, however, and that he did not apply any methodology in assessing genericness other than his "expertise in marketing and branding." Dkt. 189 at 249:23-24. Moreover,

3

the "comments" on genericness in his rebuttal report are not proper rebuttal opinions. He does not address another expert's opinion. Rather, he uses the final six paragraphs of his rebuttal report to give an opinion on genericness that he failed to render in his initial report. Dr. Winer's opinions on whether the terms *pod* and *pods* are generic, including his "general comments," are therefore inadmissible. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal evidence appropriate if "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)"); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 601 (9th Cir. 1991) (district court has broad discretion in deciding what constitutes proper rebuttal evidence); *In re Trasylol Prods. Liab. Litig.*, No. 1:09-md-01928, 2010 WL 4065436, at *2 (S.D. Fla. Aug. 6, 2010) ("Rebuttal testimony is permitted only when it directly addresses an assertion raised by an opponent's experts.") (citing *Bennedict v. U.S.*, 822 F.2d 1426, 1430 (6th Cir. 1987)).

U-Haul next argues that Dr. Winer should not be allowed to offer an opinion on the "fame" of the PODS mark. This argument is mostly unpersuasive. As U-Haul's expert notes, Dr. Winer "carefully avoids stating that the claimed PODS mark is 'famous.'" Dkt. 152 at 19. Nevertheless, Dr. Winer's references to Dr. Ericksen's surveys in his Supplemental Report are inadmissible because Dr. Winer does nothing more than parrot Dr. Ericksen's findings and opinions, suggesting that they "corroborate" his own opinion that PODS is a well-known brand. Dkt. 157-5 ¶¶ 5-8. *See U.S. v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987) (affirming district court's exclusion of expert testimony that was cumulative and "nothing more than a personal vouching of one expert for another expert"); *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 653 (N.D. Ill. 2006) ("[O]ne expert cannot be the mouthpiece for another."); *Deutz Corp. v. City Light & Power, Inc.*, 2009 WL

4

2986415, at *6 (N.D. Ga. Mar. 21, 2009) (Rule 703 "does not permit an expert to simply parrot the opinions of other experts"). Such testimony is cumulative and not helpful to the jury. U-Haul's remaining arguments are unpersuasive.[3]

Accordingly, U-Haul International Inc.'s Motion to Exclude the Expert Reports and Testimony of Dr. Russell Winer (Dkt. 152) is **GRANTED *in part*** and **DENIED *in part*** to the extent set forth above.

**DONE AND ORDERED** this 1ST day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] U-Haul notes that Dr. Winer failed to identify a previous case in which he gave an opinion, in contravention of Federal Rule of Civil Procedure 26(a)(2)(B)(iv). It does not, however, argue that this is a basis for excluding Dr. Winer's testimony, nor would it be given the lack of prejudice to U-Haul. *See* Fed. R. Civ. P. 37(c)(1).