## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PODS ENTERPRISES, INC.,

      Plaintiff/Counterclaim-Defendant,

      v.

U-HAUL INTERNATIONAL, INC.

      Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

## PLAINTIFF'S MOTION IN LIMINE
## TO EXCLUDE EVIDENCE OF UNRELATED LITIGATION

Pursuant to Federal Rule of Evidence 401, 402 and 403, PODS moves to exclude at trial, any reference to unrelated litigation of PODS (the "Unrelated Litigation"), whether in opening statement, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

## MEMORANDUM OF LAW

"A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial ..." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* A court has the power to exclude evidence in limine when, as here, it is clearly inadmissible. *Id.*[1]

Absent an order in this case excluding unrelated litigation, damaging evidence may be introduced which will "irretrievably effect the fairness of the trial." *Id.* The Unrelated Litigation

---

[1] To avoid unnecessary duplication, PODS will not repeat the legal standard in its subsequent motions in limine.

of PODS is wholly irrelevant, and, even if relevant, its prejudicial effect clearly outweighs its probative value.

## I.    BACKGROUND

PODS acknowledges that prior litigation relating to its efforts to prevent competitors other than U-Haul from utilizing its trademark is potentially relevant and admissible.  However, U-Haul has sought discovery regarding lawsuits completely unrelated to PODS' mark.   For example, U-Haul requested: (a) "(d)ocuments that refer or relate to actual or threatened litigation involving any of PEI's franchisees…" (First Request for Production, Paragraph 101); (b) "(a)ll testimony given by all of PEI's witnesses and deponents mentioning the word 'pod' or 'pods'…"(Third Request for Production, Paragraph 1); and (3) all documents relating to or referencing the *PODS v. Porta Stor, Inc.* matter, which involved a patent dispute (Sixth Request for Production, Paragraph 11).   Magistrate Judge Pizzo denied U-Haul's motion to compel. (Dkt. 128 at 24:15-25:10).   In sum, U-Haul's request has sought information relating to lawsuits completely unrelated to the present dispute or PODS' efforts to protect its mark, which this Court has already deemed to be irrelevant.

## II.    ARGUMENT

Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401.   Irrelevant evidence is not admissible.   Fed. R. Evid. 402.   Under Rule 403, even relevant evidence may be excluded if the Court finds that "its probative value is substantially outweighed by a danger of one or more of the following: (1) unfair prejudice, (2) confusing the issues, (3) misleading the jury, (4) undue delay, (5) wasting time, or (6) needlessly presenting cumulative evidence." Fed. R. Evid. 403.   The Unrelated Litigation has nothing to do with the present dispute and should be excluded.

Even if this Court were to find that the Unrelated Litigation is relevant, it should nevertheless exclude this evidence under Rule 403 because its prejudicial effect clearly outweighs its probative value. Allowing U-Haul to divulge and to discuss the Unrelated Litigation could lead the jury to incorrectly and improperly conclude that PODS has a propensity for litigation and does not treat its employees and franchisees fairly.

Evidence of previous litigation involving the parties is "routinely excluded" under Rule 403. *Blancha v. Raymark Indus.,* 972 F.2d 507, 516 (3d Cir. 1992). "'[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties.'" *Arlio v. Lively,* 474 F.3d 46, 53 (2d Cir. 2007) (quoting Weinstein's Federal Evidence § 403.05[3][b] at 403-66.2) (2d ed. 2006); *see, e.g., Fischer v. United Parcel Serv., Inc.,* 390 F. App'x 465, 470-71 (6th Cir. July 27, 2010) (unpublished) (trial court properly excluded evidence of prior lawsuit between parties because it was unfairly prejudicial as to merits of subsequent lawsuit); *Richardson v. Missouri Pacific RR. Co.*, 186 F.3d 1273, 1278 (error to admit evidence of previous lawsuit between parties in part because of unfair prejudice); *see also Gary Brown & Assocs. v. Ashdon, Inc.,* 268 F. App'x 837, 840-41 (11th Cir. Mar. 7, 2008) (unpublished) (questioning probative value of evidence of prior lawsuit); *Lanham v. Whitfield,* 805 F.2d 970, 972 (11th Cir. 1986) (not error to exclude evidence of litigation between defendant and non-party).

WHEREFORE, PODS respectfully requests that the Court enter an order excluding all references to the Unrelated Litigation.

## Certification of Compliance with Local Rule 3.01(g)

The undersigned certifies that PODS' counsel have conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised that U-Haul objects to the Court granting the requested relief.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
      Jonathan B. Sbar, FBN 131016
      Raul Valles, Jr., FBN 148105
      ROCKE McLEAN & SBAR
      2309 S. MacDill Avenue
      Tampa, FL  33629
      Phone: 813-769-5600
      Fax: 813-769-5601
      Email: jsbar@rmslegal.com
             rvalles@rmslegal.com

      and

      Joseph Diamante
      Charles E. Cantine
      Jason M. Sobel
      Vivian Luo
      Stroock & Stroock & Lavan, LLP
      180 Maiden Lane
      New York, NY  10038-4982
      Email:  jdiamante@stroock.com
             ccantine@stroock.com
             jsobel@stroock.com
             vluo@stroock.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

      William P. Cassidy, Jr., Esq.
      CASSIDY LAW GROUP, P.A.
      P.O. Box 2937
      Tampa, FL  33607
      Telephone: (813) 352-1042
      Facsimile: (813) 671-0758
      Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
        chenn@kilpatricktownsend.com
        japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

                                    /s/ Jonathan B. Sbar
                                    Jonathan B. Sbar