UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff/Counterclaim-Defendant,

v.

U-HAUL INTERNATIONAL, INC.

    Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

**PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF INTERNET ADVERTISING TERM PURCHASES**

Pursuant to Federal Rule of Evidence 401, 402 or 403, PODS moves to exclude at trial, any evidence or argument regarding PODS' purchase of the term "U-Haul" or associated keywords pursuant to its paid internet advertising campaigns ("PODS Keyword Purchases").

**MEMORANDUM OF LAW**

Absent an order in this case excluding PODS Keyword Purchases, confusing evidence may be introduced which will "irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.,* No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). The fact that PODS may have periodically purchased the term "U-Haul" as part of its internet advertising strategy is wholly irrelevant, and, even if relevant, the prejudicial and confusing effect clearly outweighs any probative value.

**I.    BACKGROUND**

Competitors may legally purchase keywords, including the names of competitors, for internet advertising campaigns. For example, if Delta Airlines ("Delta") purchases the keyword "US Air," when an internet user in the specified market searches for "US Air" on Google or

another internet provider, an advertisement for Delta will appear in the paid advertisement sections (usually in a shaded box) next to or above the organic search results.

"Organic" search result listings are determined by internet service providers such as Google, using algorithms to determine the most relevant search results based upon the search terms the user enters in the search query. By contrast, paid search listings are based upon a combination of the amount an advertiser is willing to bid for the applicable search term (referred to as an "AdWord" in Google's paid search advertising business) and the relevancy of the underlying advertisement by the bidder. For paid searches, Delta would pay Google a per-click fee each time a user clicks on Delta's advertisement in the paid search results.

PODS has conducted internet advertising campaigns in which it purchased "U-Haul" and associated terms. Similarly, U-Haul has conducted paid advertising campaigns in which it purchased competitor names, including PODS.

PODS Keyword Purchases were discussed in detail during the February 20, 2014 hearing on U-Haul's motion to compel before Magistrate Judge Pizzo, during which the potential for jury confusion surrounding this issue became apparent. (Dkt. 128 at 26:14-39:4). U-Haul moved to compel documentation indicating the number of Keyword Purchases by PODS and the amounts spent on the PODS Keyword Purchases. U-Haul argued the information was discoverable because it was probative of whether U-Haul acted willfully.

Counsel for U-Haul stated: "(t)he reason that the evidence is reasonably calculated to lead to admissible evidence is that it will show that what we have done is no more bad faith, willful, egregious conduct than what [PODS] itself has done." (Dkt. 128 at 30:18-22).

U-Haul's counsel further stated: "(b)ut as a technical matter the way we would be using this evidence is to show that in the context of the way companies operate on the internet, what

we have done is not bad faith because they bid on our term…" (Dkt. 128 at 31:17-21). U-Haul also claimed that PODS' actions relate to its "unclean hands" affirmative defense. (Dkt. 128 at 31:16-17). U-Haul was apparently mistaken as it has no such unclean hands affirmative defense. *See* Answer and Counterclaims, Dkt. 6.

Upon questioning by the Court, U-Haul admitted that it did not assert an infringement claim against PODS in its counterclaim because "bidding on key words is legal." (Dkt. 128 at 30:10-17).

The Court denied U-Haul's Motion to Compel, agreeing with PODS that the requested information about PODS' purchase of U-Haul and associated terms as part of its internet advertising was not reasonably calculated to lead to admissible evidence. (Dkt. 128 at 39:1-4).

## II. ARGUMENT

U-Haul seeks to confuse the jury by correlating PODS' admittedly legal conduct with U-Haul's alleged infringing use. U-Haul is essentially saying "jury, if we infringed PODS trademark, you should conclude our actions were not willful because PODS conducts lawful internet advertising campaigns in which it purchases 'U-Haul' as a search term." PODS lawful purchase of internet search terms does not make it more or less likely that U-Haul willfully infringed PODS' trademark. PODS' internet advertising efforts have no probative value and are entirely irrelevant to the issues in dispute.

The Court should not consider whether PODS' internet advertising is relevant to an unclean hands defense because U-Haul did not raise the defense as required. *See Florida Health Sciences Ctr., Inc. v. Humana Med. Plan, Inc.*, 190 F. Supp. 2d 1297, 1303 (M.D. Fla. 2001) (holding that a failure to timely plead ERISA preemption as an affirmative defense constitutes a waiver of the application of that defense). Moreover, since purchasing a competitor's name or

mark as a keyword is permissible, as U-Haul admits, it could not support any unclean hands defense even if one were present. A defendant seeking to invoke the unclean hands defense "must demonstrate that the plaintiff's **wrongdoing** is directly related to the claim against which it is asserted; [s]econd, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by the plaintiff's conduct." *Inmuno Vital, Inc. v. Golden Sun, Inc.*, 49 F. Supp. 2d 1344, 1358 (S.D. Fla. 1997) (citations omitted) (emphasis added).

U-Haul cannot establish any of the requirements to establish unclean hands because PODS committed no wrong. The PODS Keyword Purchases have nothing to do with whether U-Haul infringed PODS trademark or whether the infringement was willful, and U-Haul could not be injured by lawful activity. *See PODS Enterprises, Inc. v. ABF Freight Sys., Inc.*, No. 8:11-cv-84-T-MAP, 2011 WL 4948397, at *7 (M.D. Fla. Oct. 17, 2011) (holding that "[i]n trademark infringement suits, the doctrine of unclean hands requires allegations specifically related to the trademark which is at issue and not collateral to the trademark itself") (citation and internal quotes omitted).

Even if this Court were to find that PODS internet advertising activities are relevant, it should exclude this evidence under Rule 403 because its prejudicial effect clearly outweighs its probative value. If it fails to fully grasp the intricacies of internet law, the jury is likely to excuse U-Haul's infringing actions by concluding that PODS' lawful purchase of U-Haul's name for paid internet advertising campaigns is morally equivalent to U-Haul's use of PODS' trademark on its website for the purpose of improving its organic search rankings.

U-Haul admitted that it seeks to admit the PODS Keyword Purchases into evidence in order to convince the jury to equate PODS' admittedly legal action with U-Haul's action so that

4

it concludes PODS mark is generic.  U-Haul's counsel stated:  "Because the case law— I mean we're generally following case law here and the case law suggests that bidding on key words is legal just as using generic terms is legal. So both of us are doing something that is legal."  Dkt. 128 at 30:13-17).  Thus, U-Haul admits that it seeks to introduce evidence of PODS' admittedly legal action so that the jury will conclude that U-Haul's repeated use of the PODS mark is also legal.  The flaw in U-Haul's position is that (1) there is no dispute that PODS actions are legal whereas the legality of U-Haul's use of PODS is a disputed issue, and (2) PODS legal use of U-Haul has no bearing whatsoever on whether PODS is generic.

WHEREFORE, PODS requests that the Court enter an order excluding evidence that PODS purchased the term "U-Haul" and associated terms pursuant to internet advertising campaigns.

### Certification of Compliance with Local Rule 3.01(g)

The undersigned certifies that PODS' counsel has conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised it objects to the Court granting the requested relief.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
    Jonathan B. Sbar, FBN 131016
    Raul Valles, Jr., FBN 148105
    ROCKE McLEAN & SBAR
    2309 S. MacDill Avenue
    Tampa, FL  33629
    Phone: 813-769-5600
    Fax: 813-769-5601
    Email: jsbar@rmslegal.com
          rvalles@rmslegal.com

and

Joseph Diamante
Charles E. Cantine
Jason M. Sobel
Vivian Luo
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982
Email: jdiamante@stroock.com
ccantine@stroock.com
jsobel@stroock.com
vluo@stroock.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL 33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email: wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kilpatricktownsend.com
chenn@kilpatricktownsend.com
japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

                                /s/ Jonathan B. Sbar
                                Jonathan B. Sbar