## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PODS ENTERPRISES, INC.,

        Plaintiff/Counterclaim-Defendant,

        v.

U-HAUL INTERNATIONAL, INC.

        Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

## PLAINTIFF'S MOTION IN LIMINE
## TO EXCLUDE EVIDENCE OF ITS USE OF THE TERM POD AND PODS

Pursuant to Federal Rule of Evidence 401, 402 and 403, PODS moves to exclude at trial, evidence of PODS internal, non-public use of the terms "PODS" and "POD," whether in opening statement, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

## MEMORANDUM OF LAW

Documents demonstrating PODS internal and/or non-public use of its trademark are not relevant to any issues in dispute and therefore should be excluded from trial. Even if such documents were relevant, their prejudicial effect clearly outweighs any probative value.

## I.      BACKGROUND

During the extensive discovery conducted by U-Haul, it has identified various documents in which employees and representatives of PODS have internally used the terms POD and PODS to refer to the PODS branded containers (e.g. "we own 120,000 PODS"). These internal uses, however, are never viewed by the consuming public and therefore are irrelevant to how the public perceives the PODS mark.

## II.    ARGUMENT

Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Under Rule 403, even relevant evidence may be excluded if the Court finds that "its probative value is substantially outweighed by a danger of one or more of the following: (1) unfair prejudice, (2) confusing the issues, (3) misleading the jury, (4) undue delay, (5) wasting time, or (6) needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

U-Haul claims the PODS mark is generic, and this is the question the jury will be asked to resolve.  To do so, the jury will have to determine the primary significance of the mark to the relevant consuming public.  15 U.S.C. § 1064(3) (Trademark Clarification Act of 1984)  ("The primary significance of the registered mark to the relevant public…shall be the test for determining whether the registered mark has become the generic name of goods or services...");  *Magic Wand, Inc. v. RDB, Inc.*, 940 F.2d 638, 641 (Fed. Cir. 1991) ("In sum, the 1984 amendment makes the test for genericness the primary significance of the mark to the relevant public limited to the actual or potential purchasers of the goods or services.")

PODS' use of the term in internal, non-public documents such as emails, presentations, financial statements and the like does not establish anything about the public's understanding of the term because the public never sees these documents.  PODS should not be required to defend its mark against itself, as the only relevant issue depends on the understanding of consuming public, not on the understanding of PODS employees.  Put simply, PODS internal use of its mark is not relevant to whether the mark is or is not generic, and, therefore, evidence of PODS internal use should be excluded from trial.  See *Id.*

U-Haul's apparent strategy is to confuse the jury by identifying multiple examples of PODS' representatives using the term POD or PODS to refer to PODS brand containers and to claim that such references constitute generic use, which it is not. Generic use would be PODS' representatives referring to a competitor's product as a pod, but U-Haul cannot identify a single occasion or point to a single document in which any representative of PODS referred to competitive containers as "pods." Thus, any probative value of PODS' internal use of the term is substantially outweighed by the unfair prejudice this evidence would cause, and, therefore, the evidence should be excluded under Rule 403 as well.

Accordingly, PODS' internal and other non-public documents that may use the term POD or PODS have absolutely no probative value with respect to whether the mark is or is not generic.

WHEREFORE, PODS requests that the Court enter an order excluding evidence of PODS' internal and non-public use of the terms POD and PODS.

### Certification of Compliance with Local Rule 3.01(g)

The undersigned certifies that PODS' counsel has conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised it objects to the Court granting the requested relief.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
     Jonathan B. Sbar, FBN 131016
     Raul Valles, Jr., FBN 148105
     ROCKE McLEAN & SBAR
     2309 S. MacDill Avenue
     Tampa, FL 33629
     Phone: 813-769-5600
     Fax: 813-769-5601
     Email: jsbar@rmslegal.com
           rvalles@rmslegal.com

     and

Joseph Diamante
Charles E. Cantine
Jason M. Sobel
Vivian Luo
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038-4982
Email:  jdiamante@stroock.com
ccantine@stroock.com
jsobel@stroock.com
vluo@stroock.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL  33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
chenn@kilpatricktownsend.com
japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

/s/ Jonathan B. Sbar
Jonathan B. Sbar