UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff/Counterclaim-Defendant,

v.

U-HAUL INTERNATIONAL, INC.

    Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

**PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF DOCUMENTS RELIED ON TO REACH EXCLUDED
OPINION OF ROBERT LEONARD**

Pursuant to Federal Rule of Evidence 401, 402, 403, 802 and 901, PODS moves to exclude at trial, evidence of any documents relied on to reach the excluded opinion of Robert Leonard, Ph.D. ("Dr. Leonard").

**MEMORANDUM OF LAW**

The documents Dr. Leonard relied on to reach the portion of his opinion that was excluded by the Court should all be excluded. Even if the information is relevant, its unfairly prejudicial effect clearly outweighs its probative value, it is inadmissible hearsay and lacks proper authentication.

**I.    BACKGROUND**

The Court granted-in-part PODS' Daubert motion as to Dr. Leonard. (Dkt. 236). Specifically, the Court excluded Dr. Leonard's opinion that PODS' trademark became generic after PODS' 1998 adoption of the trademark. *Id.* In sum, the Court concluded that Dr. Leonard's opinion was not reliable because he considered documents primarily selected by U-

Haul's lawyers, "examined only a miniscule subset of available data" and ignored brand usage. *Id.* at 6. Dr. Leonard relied on sources including dictionaries, industry websites, blogs, news articles, social media, classified advertisements, governmental codes, ordinances, administrative opinions and court decisions. Much of which Dr. Leonard relied on were internet printouts of alleged generic uses of the term "pod" or "pods."

In spite of the Court's ruling, PODS understands that U-Haul intends to attempt to try and admit these documents through one or more of its fact witnesses.

**II.     ARGUMENT**

As a preliminary matter, U-Haul's fact witnesses cannot authenticate hearsay documents derived from third party sources that its attorneys collected for purposes of having an expert render an opinion. Additionally, U-Haul's fact witnesses cannot give an opinion that the third party use of the term "pod" or "pods" was used generically by the declarant as opposed to a reference to PODS' branded containers.

Even assuming the information could be admitted, U-Haul's experts face the same problem identified by the Court regarding the lack of proportionality. Because majority usage determines whether a term is generic, it would be highly prejudicial to allow U-Haul to admit one-sided, cherry-picked evidence without demonstrating what proportion of information utilizes the term in reference to PODS brand containers. *See Ty Inc. v. Softbelly's Inc.*, No. 00-C-5230, 2006 WL 5111124, at *4 (N.D. Ill. April 7, 2006) (holding that the Court was inclined to exclude internet printouts selected by one party in support of a generic argument because the documents do not show whether the generic usage of "Beanie(s)" is the majority usage or what proportion of websites and news articles uses the term generically).

WHEREFORE, PODS requests that the Court enter an order excluding evidence of any documents relied on to reach the excluded opinion of Robert Leonard, Ph.D.

**Certification of Compliance with Local Rule 3.01(g)**

The undersigned certifies that PODS' counsel has conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised it objects to the Court granting the requested relief.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
Jonathan B. Sbar, FBN 131016
Raul Valles, Jr., FBN 148105
ROCKE McLEAN & SBAR
2309 S. MacDill Avenue
Tampa, FL 33629
Phone: 813-769-5600
Fax: 813-769-5601
Email: jsbar@rmslegal.com
rvalles@rmslegal.com

and

Joseph Diamante
Charles E. Cantine
Jason M. Sobel
Vivian Luo
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982
Email: jdiamante@stroock.com
ccantine@stroock.com
jsobel@stroock.com
vluo@stroock.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL  33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
         chenn@kilpatricktownsend.com
         japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

         /s/ Jonathan B. Sbar
         Jonathan B. Sbar