UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff/Counterclaim-Defendant,

v.

U-HAUL INTERNATIONAL, INC.

    Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

**PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF COMMUNICATIONS BETWEEN FORMER PODS
EMPLOYEES AND PODS' LEGAL COUNSEL**

Pursuant to Federal Rule of Evidence 401, 402 and 403, PODS moves to exclude at trial, the disclosure of communications between PODS' legal counsel and former employees of PODS, including Susan Green ("Green").

**MEMORANDUM OF LAW**

Privileged communications between former employees of PODS and PODS' in-house and outside counsel are inadmissible and should be excluded. Further, the information is wholly irrelevant, and, even if relevant, its prejudicial effect clearly outweighs its probative value.

**I. BACKGROUND**

Green was formerly employed by PODS as the senior member of its marketing department. She left PODS in approximately 2008. In approximately 2011, she was retained by PODS as a consultant to assist PODS in litigation against ABF Freight System, Inc. regarding ABF's infringement of PODS' mark and ABF's counterclaim that the PODS' mark was generic. During her employment with PODS, and as a member of senior management, Green

communicated with PODS' general counsel, Aaron Parker ("Parker"), as well as other members of PODS' legal department. As a consultant to PODS subsequent to her employment in connection with the ABF matter, Green communicated with Parker and PODS' outside counsel, Stroock & Stroock & Lavan LLP ("Stroock").

U-Haul has apparently obtained PODS' advertising materials retained by Green without PODS' permission and plans to call Green as a witness in the present matter to testify regarding PODS' approval of advertising materials using the PODS mark. However, it is clear that U-Haul has improperly obtained privileged communications from Green.

In correspondence dated February 5, 2014, U-Haul's counsel stated: "In October 2011, Mr. Parker told Ms. Green that all of the original ad copy and approvals had been destroyed." In October 2011, Green was serving as PODS' consultant in the ABF matter, and spoke with attorneys at Stroock.

In correspondence dated March 27, 2014, U-Haul's counsel stated: "During our conversations, Susan Green merely explained that advertisements that she created, and provided us copies of, were approved by Aaron Parker or someone else in the legal department."

The March 27, 2014 correspondence further states: "Susan did tell us that she spoke with Aaron Parker after she was no longer working with PODS Enterprises. She disclosed that during their conversation, he asked her if she could re-create some advertising materials. When she told him that she had left all of the advertising materials at PEI, he informed her they had been disposed of."

These conversations between Green and Parker occurred during the time that Green was a consultant to PODS in connection with the ABF litigation, and during the time that Green was speaking with attorneys at Stroock.

2

U-Haul also has had communications with other former employees of PODS. For example, after commencement of the litigation, U-Haul hired Terry O'Brien ("O'Brien"), who formerly headed PODS' logistics department, as a consultant. On behalf of U-Haul, O'Brien contacted former PODS employees to attempt to arrange meetings with U-Haul. PODS does not know whether O'Brien or other former employees disclosed privileged communications to U-Haul.

## II. ARGUMENT

Communications with employees and consultants regarding the approval or disapproval of advertising copy by PODS' legal department and tasks requested of a litigation consultant are privileged and not subject to disclosure. In addition to avoiding disclosure at trial, U-Haul's communications are problematic to the extent U-Haul elicited the disclosure of privileged information. *See HBA Management Inc v Estate of Schwartz*, 693 So. 2d 541, 543 (Fla. 1997) (holding that with respect to communications with an adversary's former employees, "no inquiry can be made into matters that are the subject of the attorney-client privilege").

In addition to privilege, the information should be excluded because it is not probative of any issues in dispute. For example, whether PODS destroyed old advertising materials or asked Green to attempt to recreate materials for the purposes of other litigation has no relevance to any issues in dispute. Further, any probative value is substantially outweighed by the danger of unfair prejudice as the jury could improperly conclude that PODS attempted to avoid the disclosure of evidence by destroying documents. Of course, U-Haul did not file any spoliation motion, which it could not, as the alleged destruction occurred years in advance of any dispute with U-Haul.

WHEREFORE, PODS requests that the Court enter an order excluding disclosure of the identified alleged communications between Susan Green and PODS' counsel as well as any other privileged communications between Susan Green (or other former employees and representatives of PODS) and PODS' in-house or outside counsel.

**Certification of Compliance with Local Rule 3.01(g)**

The undersigned certifies that PODS' counsel has conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised it objects to the Court granting the requested relief.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
    Jonathan B. Sbar, FBN 131016
    Raul Valles, Jr., FBN 148105
    ROCKE McLEAN & SBAR
    2309 S. MacDill Avenue
    Tampa, FL 33629
    Phone: 813-769-5600
    Fax: 813-769-5601
    Email: jsbar@rmslegal.com
           rvalles@rmslegal.com

    and

    Joseph Diamante
    Charles E. Cantine
    Jason M. Sobel
    Vivian Luo
    Stroock & Stroock & Lavan, LLP
    180 Maiden Lane
    New York, NY 10038-4982
    Email: jdiamante@stroock.com
           ccantine@stroock.com
           jsobel@stroock.com
           vluo@stroock.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL  33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
           chenn@kilpatricktownsend.com
           japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com

/s/ Jonathan B. Sbar
Jonathan B. Sbar