**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PODS ENTERPRISES, INC.,

      Plaintiff/Counterclaim-Defendant,

      v.

U-HAUL INTERNATIONAL, INC.

      Defendant/Counterclaim-Plaintiff.

CASE NO.: 8:12-cv-01479-JDW-MAP

**PLAINTIFF'S MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF THE RELIGIOUS AFFILIATION AND NATIONALITY**
**OF ARCAPITA AND AFFILIATED INDIVIDUALS AND ENTITIES**

Pursuant to Federal Rule of Evidence 401, 402 and 403, PODS moves to exclude at trial, any reference to the religious or cultural affiliation, country of origin and nationality of Arcapita, Inc. ("Arcapita") and affiliated entities and individuals, whether in opening statement, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

**MEMORANDUM OF LAW**

The religious affiliation, political beliefs, and country of origin of Arcapita (a minority owner of PODS) and associated individuals and entities are wholly irrelevant, and, even if relevant, their prejudicial effect clearly outweighs any probative value.

**I.    BACKGROUND**

In 2007, Arcapita made an indirect acquisition of PODS. Arcapita is headquartered in Bahrain, a predominantly Muslin country. U-Haul has previously made the unsupported and absurd suggestion, based on unsubstantiated internet blogs, that terrorists are somehow associated with Arcapita and that is somehow relevant to the issues in dispute. For example, U-

Haul's counsel asked the following questions during the deposition of PODS' General Counsel, Aaron Parker:

> Q: The article here; that the ownership and leadership by Sheikh Yusuf Al-Qaradawi, who is a supporter of homicide bombings, is affiliated with ARCAPITA, do you think that would have a problem for any reasonable royalty that might – (Parker Depo. 260:1-5).

> Q: Do you think it's irrelevant to a reasonable royalty that somebody would pay to have a name of a company that is controlled by somebody who wishes to destroy American soldiers? (Parker Depo. 260:21-24).

In fact, there is no record evidence to support U-Haul's ridiculous and defamatory suggestion that Arcapita is controlled by anti-American terrorists. Arcapita does not even own a majority stake in PODS. Approximately 40 percent of PODS is owned by HarbourVest, LP (a U.S. entity) and approximately 20 percent is owned by US and British based institutions.

Counsel for U-Haul, and U-Haul's own witnesses, have also repeatedly raised the issue that because Arcapita is based in Bahrain, it must follow Shaira law for purposes of its financial reporting. In fact, U-Haul's Chairman volunteered his understanding of Shaira law as follows: "something to do with how interest is accounted for and it has to be accounted for under a ruse, because interest rate, like eating pork and some other things, I don't recall what they were, are not allowed under Sharia law." (J. Schoen Depo. 113:9-13).

PODS conferred with U-Haul regarding this issue and while U-Haul stated that it did not intend to raise issues of "religion or terrorism," it stated that it intends on raising issues related to the fact that "Arcapita entities that own [PODS] are based in Bahrain and the Cayman Islands."

## II.    ARGUMENT

The country of origin of Arcapita and the religious and cultural affiliations of individuals affiliated with Arcapita is unrelated to any issues in dispute, and there is absolutely no appropriate basis for admission in this case. Further, the prejudicial effect of such information

grossly outweighs any potential probative value. The origin of the alleged owners of PODS—whether in Bahrain, the Cayman Islands or elsewhere—is completely irrelevant to the issues in dispute. Such evidence would only be offered by U-Haul to suggest that the jury should favor U-Haul, a United States based entity, over PODS because it is allegedly owned and controlled by foreign interests located in Bahrain following Shaira law, which is predominantly Muslim, and the Cayman Islands, which has a reputation for harboring individuals and entities seeking to avoid taxes. Allowing U-Haul to raise these irrelevant issues could inflame the jury and lead it to improperly conclude that PODS is controlled by foreigners of a different religious persuasion than the majority of Americans and/or entities seeking to evade United States taxes.

U-Haul should also be prohibited from admitting any evidence relating to the country of origin and religious or cultural affiliation of Arcapita or any affiliated individuals or entities. Such information is completely extraneous and irrelevant to the central issue in dispute—whether U-Haul infringed PODS' trademark.

Even when religion is relevant to an issue in dispute, courts are careful to avoid prejudicial references. For example, in *Robinson v. Delgado*, No. CV-02-1538NJV, 2010 WL 1838866, at *7 (N.D. Cal. May 3, 2010), a prison inmate claimed he was prevented from exercising his religious beliefs with respect to diet and group worship; however, the court granted a motion in limine to exclude evidence of plaintiff's religious beliefs unrelated to dietary and group worship issues. Here, the religious affiliation and origin of the parties (much less affiliates of the parties) are unrelated to the litigation. *See Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *7 (M.D. Fla. July 22, 2004) (holding that "evidence of the ethnic or racial background (other than the self-evident) and

religious beliefs held by plaintiff, witnesses, or counsel is inadmissible without a prior order of the Court").

WHEREFORE, PODS requests that the Court enter an order excluding all references to (1) the citizenship, country of origin, heritage, or religious or political beliefs of Arcapita and any affiliated individuals or entities.

### Certification of Compliance with Local Rule 3.01(g)

The undersigned certifies that PODS' counsel has conferred with U-Haul's counsel regarding the relief sought in this motion, and was advised it objects to the Court granting the requested relief as discussed above.

Respectfully submitted,

By: /s/ Jonathan B. Sbar
Jonathan B. Sbar, FBN 131016
Raul Valles, Jr., FBN 148105
ROCKE McLEAN & SBAR
2309 S. MacDill Avenue
Tampa, FL 33629
Phone: 813-769-5600
Fax: 813-769-5601
Email: jsbar@rmslegal.com
rvalles@rmslegal.com

and

Joseph Diamante
Charles E. Cantine
Jason M. Sobel
Vivian Luo
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982
Email: jdiamante@stroock.com
ccantine@stroock.com
jsobel@stroock.com
vluo@stroock.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on this 10th day of July, 2014 to:

William P. Cassidy, Jr., Esq.
CASSIDY LAW GROUP, P.A.
P.O. Box 2937
Tampa, FL  33607
Telephone: (813) 352-1042
Facsimile: (813) 671-0758
Email:  wcassidy@cassidylawgroup.com

William H. Brewster, Esq.
R. Charles Henn, Jr., Esq.
Jessica A. Pratt, Esq.
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  bbrewster@kilpatricktownsend.com
        chenn@kilpatricktownsend.com
        japratt@kilpatricktownsend.com

Leo R. Beus
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008
(Tel.) 480-429-3001
(Fax) 480-429-3111
Email:  lbeus@beusgilbert.com


/s/ Jonathan B. Sbar
Jonathan B. Sbar