UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, INC.,

    Plaintiff,

vs.                                                         Case No. 8:12-cv-01479-T-27MAP

U-HAUL INTERNATIONAL, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** in this trademark infringement and unfair competition case are Plaintiff's Motion for Partial Summary Judgment (Dkt. 143), which Defendant opposes (Dkt. 194), and Defendant's Motion for Summary Judgment (Dkt. 151), which Plaintiff opposes (Dkt. 199). Upon consideration, both motions (Dkts. 143, 151) are DENIED, as genuine issues of material fact preclude summary judgment.

### STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). A mere scintilla of evidence in the form of conclusory

allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 658 (11th Cir. 2012). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). "Although all justifiable inferences are to be drawn in favor of the nonmoving party," *Baldwin Cnty. v. Purcell*, 971 F.2d 1558, 1563-64 (11th Cir. 1992), "inferences based upon speculation are not reasonable." *Marshall v. City of Cape Coral*, 797 F.2d 1555, 1559 (11th Cir. 1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine dispute over a material fact, the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1998).

### PEI's Motion

PEI's motion seeks partial summary judgment on U-Haul's First Counterclaim, which alleges that the terms *pod* and *pods* are generic. Because U-Haul has presented evidence that the terms *pod* and *pods* are generic in the minds of the relevant public, a genuine factual dispute exists, precluding partial summary judgment in favor of PEI.

### *Genericness*

When the relevant public ceases to identify a trademark with the *source* of a product but instead identifies it as a *class* of products, regardless of source, the mark has become generic and is lost as an enforceable trademark. *See* 15 U.S.C. § 1064(3); *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 544 (10th Cir. 2000). The

"relevant public" is the group of public consumers who purchase or may purchase the goods or services at issue. *Magic Wand, Inc. v. RDB, Inc.*, 940 F.2d 638, 640 (Fed. Cir. 1991). In other words, the test for genericness is the primary significance of the mark to the actual or potential purchasers of the goods or services at issue. *Id.* at 641. Whether a term is generic is a question of fact. *In re Watts*, 8 Fed. Appx. 967, 968 (Fed. Cir. 2001) (citing *In re Nett Designs Inc.*, 236 F.3d 1339, 1341 (Fed. Cir. 2001)); *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 300 (7th Cir. 1998).

Evidence relevant to the issue of genericness includes direct testimony of consumers, consumer surveys, competitors' use of the term, the plaintiff's use of the term, dictionary listings, and usage in newspapers, trade journals, and other publications. *Thomas & Betts*, 138 F.3d at 301; *Creative Gifts*, 235 F.3d at 545; *Glover v. Ampak, Inc.*, 74 F.3d 57, 59 (4th Cir. 1996); J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 12:13 (4th ed. West June 2014).

In opposing PEI's motion, U-Haul presents, among other evidence, a consumer survey finding that a majority of the relevant public regards the terms *pod* and *pods* to be generic (Dkt. 150 ¶¶ 5, 6),[1] and instances in which competitors use the terms (Dkt. 156-7). This evidence is sufficient to create a genuine issue of material fact as to whether the relevant public perceives the terms to be generic. *See E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 197 (3d Cir. 2008) (survey evidence and evidence whether competitors use allegedly generic term is sufficient to withstand summary judgment); *BellSouth Corp. v. White Director Publishers, Inc.*, 42 F. Supp. 2d 598, 609 (M.D.N.C. 1999) ("[I]n most collisions between competing forms of genericness evidence, a genuine issue of fact will exist."). *Cf. Insty\*Bit, Inc. v. Poly-Tech Indus., Inc.*, 96 F.3d 663, 671 (8th Cir. 1996) (consumer survey creates genuine issue of material fact as to likelihood of

---

[1] PEI argues that this evidence should be disregarded because Dr. Wood's survey and report are unreliable. But PEI's *Daubert* motion to exclude Dr. Wood's survey as unreliable was denied (Dkt. 225).

confusion).

## U-Haul's Motion

In its motion, U-Haul seeks summary judgment on two of its affirmative defenses. First, it argues that the terms *pod* and *pods* are generic. Second, it argues that even if the terms are not generic, their publication on the U-Haul website is vindicated by the descriptive fair use defense because U-Haul uses the terms in good faith to describe its goods and services. U-Haul also moves for summary judgment on Plaintiff PODS Enterprises, Inc.'s ("PEI") claims for profits and corrective advertising damages, contending that PEI cannot demonstrate a causal connection between the alleged infringement and the claimed damages. All three arguments fail. Genericness and good faith are questions of fact about which genuine disputes remain, and PEI has proffered sufficient evidence to withstand summary judgment on its claims for profits and corrective advertising.

### *Genericness*

As explained with regard to PEI's motion, PEI and U-Haul have presented contradictory consumer surveys, which create a genuine issue of fact as to genericness. *Compare* Dkt. 202-8 ¶ 95 *with* Dkt. 150 ¶¶ 5, 6. *See E.T. Browne Drug*, 538 F.3d at 197; *BellSouth*, 42 F. Supp. 2d at 609. *Cf. Insty*Bit*, 95 F.3d at 671.[2]

### *Descriptive Fair Use*

Descriptive fair use is an absolute defense to a Lanham Act claim if the defendant's use of a term "charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of

---

[2]U-Haul has presented other evidence demonstrating genericness aside from the survey. *See, e.g.*, Dkt. 172 at 233:12-237:2; Dkt. 156-8; Dkt. 158-26; Dkt. 176 at 123:18-22; Dkt. 159-8; Dkt. 159-32. The expert opinion and survey from Dr. Ericksen are sufficient to withstand summary judgment.

such party." 15 U.S.C. § 1115(b)(4). To establish the descriptive fair use defense, the defendant must prove "that its use is '(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith.'" *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (quoting *EMI Catalogue P'ship v. Hill, Holliday, Connors, & Cosmopulos, Inc.*, 228 F.3d 56, 64 (2d Cir. 2000)). The third element of descriptive fair use, good faith, asks "whether the alleged infringer intended to trade on the good will of the trademark owner by creating confusion as to the source of the goods or services." *Id.* The question of good faith is one of fact. *See EMI Catalogue*, 228 F.3d at 67-68 (reversing summary judgment when issues of fact existed as to good faith); *Croft v. Lewis*, No. 8:09-cv-1370-T-27AEP, 2011 WL 3269589, at *2 (M.D. Fla. July 29, 2011) (Whittemore, J.) ("The determination of whether a term is used in a trademark or a descriptive sense and the determination that a defendant's use was in good faith are questions of fact.").

PEI has presented sufficient evidence to withstand summary judgment. In one e-mail to the chairman of U-Haul, an employee equates U-Haul to the "steel-eyed gunfighter" who is not afraid to use the term *pods* on its website. Dkt. 203-2. In another, a U-Haul employee comments that U-Haul should "use the PODS brand" to drive traffic to its website when consumers search online for the term *pods*. Dkt. 203-3. Taken in the light most favorable to PEI, these e-mails suggest that U-Haul intended to utilize the terms *pod* and *pods* to create confusion and drive Internet traffic and business to its own website by trading on the success and good will of PEI and consumers' tendency to search for the term *pods*. Disputed issues of genuine fact therefore remain as to the question of "good faith," and summary judgment is not appropriate on the descriptive fair use defense. *Accord Timelines, Inc. v. Facebook, Inc.*, 938 F. Supp. 2d 781, 794 (N.D. Ill. 2013) (awareness of trademarks combined with CEO comments reflecting intent to trade on good will sufficient to

withstand summary judgment).[3]

Nothwithstanding these e-mails, U-Haul's use of the terms *pod* and *pods* on its website while non-infringing, commercially viable alternatives were available raises a genuine issue of material fact as to the descriptive fair use defense.[4] *See Int'l Stamp Art*, 456 F.3d at 1276 (failure to employ a non-infringing, commercially viable alternative can raise a genuine issue of material fact).

### *Profits and Corrective Advertising*

U-Haul contends that it is entitled to summary judgment on PEI's claims for damages in the form of profits and corrective advertising. Dkt. 151 at 23. Its primary argument is that PEI has failed to develop or produce any evidence of a causal connection between U-Haul's actions and lost profits or corrective advertising. This argument was addressed and essentially rejected in the Order denying U-Haul's motion to exclude PEI's expert, Walter Bratic. *See* Dkt. 239. "[N]o hard or fast rules dictate the form or quantum of relief" for a Lanham Act violation, and courts have "considerable discretion" in fashioning an award of the defendant's profits, which is to be guided by principles of equity. *Burger King Corp. v. Mason*, 710 F.2d 1480, 1495, 1495 n.11 (11th Cir. 1983). A plaintiff need not demonstrate actual damages or a causal connection to the alleged wrongdoing to obtain an accounting for profits. *Mishawaka Rubber & Wollen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206

---

[3]There is no dispute that U-Haul was aware of PEI's registration of the mark "PODS." *See Int'l Stamp Art*, 456 F.3d at 1276 (Knowledge of the plaintiff's registration of the challenged mark, under certain circumstances, may raise a genuine issue of material fact as to good faith.).

[4]U-Haul previously used the terms *containers, portable storage*, and *portable moving*, all of which were replaced with the terms *pod* and *pods*. *See* Dkt. 202-25 ("We got some direction this morning to add the term pods to our website where ever appropriate. Can I ask that you change the links at the bottom of the uhaul.com page to say U-Box moving pods (instead of U-Box moving containers) [and] U-Box storage pods (instead of U-Box portable storage)[.] Also, I'd like to change the U-Box heading on the homepage to U-Box moving pods (instead of U-Box portable moving)[.]").

(1942).[5] Even if PEI were required to demonstrate a causal connection to profits, it has arguably done so through Bratic's expert testimony and report. *See* Dkt. 156-21 ¶¶ 63-68.

U-Haul also contends that corrective advertising damages may not be awarded because (1) PEI has failed to present evidence of actual confusion, and (2) PEI is capable of funding its own corrective advertising campaign. U-Haul's argument that PEI has failed to present evidence of actual confusion is misplaced. *See* Dkts. 203-8 – 203-15. And corrective advertising damages have been awarded in the Eleventh Circuit without regard to financial ability to pay. *See, e.g., Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008) (affirming award of corrective advertising without regard to ability to pay); *Punch Clock, Inc. v. Smart Software Dev.*, 553 F. Supp. 2d 1353, 1358-59 (S.D. Fla. 2008) (same).[6]

Accordingly, U-Haul International, Inc.'s Motion for Summary Judgment (Dkt. 151) and PEI's Motion for Partial Summary Judgment are **DENIED**.

**DONE AND ORDERED** this 14th day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[5] Rather, U-Haul has the burden of proving that an accounting for profits is not appropriate. *See Mishawaka*, 316 U.S. at 206 ("If it can be shown that the infringement had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the defendant's recommendation or his reputation or for any reason other than a response to the diffused appeal of the plaintiff's symbol, the burden of showing this is upon the poacher.").

[6] *See also Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988-89 (9th Cir. 1995) ("The district court declined to award such costs on the ground that prospective costs should be allowed only where the plaintiff demonstrates he was financially unable to conduct a corrective advertising campaign before trial. We see no reason to so limit the availability of essentially compensatory damages."). *But see Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1375 (10th Cir. 1977) (prospective corrective advertising appropriate only where plaintiff lacked financial ability to conduct corrective advertising before trial); *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 506 (7th Cir. 1992) (corrective advertising appropriate only if the "repair" of the old trademark is the least expensive way to proceed; ability of plaintiff to afford corrective advertising is proof that either there was no injury or it is cheaper to use a new name rather than correct old trademark).