UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PODS ENTERPRISES, INC.,**

**Plaintiff,**

**vs.**                                                                                  Case No. 8:12-cv-01479-T-27MAP

**U-HAUL INTERNATIONAL, INC.,**

**Defendant.**

_____/

## VERDICT

**Counts I and IV** (Federal Trademark Infringement and Common Law Trademark Infringement)

1. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" caused a likelihood of confusion with PODS' trademarks?

Answer YES or NO   ___YES___

If your answer is YES, go to Question 3. If your answer is NO, go to the next question.

**Counts II and VI** (Federal Unfair Competition and Common Law Unfair Competition)

2. Do you find by a preponderance of the evidence for PODS on its claims for federal and common law unfair competition?

Answer YES or NO   _____

**Count III** (Federal Trademark Dilution)

3. Do you find by a preponderance of the evidence that Plaintiff's trademark has become famous in the United States?

Answer YES or NO   ___YES___

If your answer is YES, go to the next question. If your answer is NO, go to Question 6.

1

4. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" began after Plaintiff's trademark became famous in the United States?

Answer YES or NO ___YES___

> If your answer is YES, go to the next question. If your answer is NO, go to Question 6.

5. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" is likely to cause dilution by blurring the distinctiveness of PODS' trademark in the United States?

Answer YES or NO ___YES___

**Count V** (State Trademark Dilution)

6. Do you find by a preponderance of the evidence that Plaintiff's trademark has become famous in the State of Florida?

Answer YES or NO ___YES___

> If your answer is YES, go to the next question. If your answer is NO, go to Question 10.

7. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" began after Plaintiff's trademark became famous in the State of Florida?

Answer YES or NO ___YES___

> If your answer is YES, go to the next question. If your answer is NO, go to Question 10.

8. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" is likely to cause dilution by blurring the distinctiveness of PODS' trademarks in Florida?

Answer YES or NO ___YES___

> If your answer is YES, go to the next question. If your answer is NO, go to Question 10.

9. Do you find by a preponderance of the evidence that U-Haul's use of "pod" or "pods" decreases the value of PODS' trademarks in Florida?

Answer YES or NO ___YES___

**Count VII** (Florida Deceptive and Unfair Trade Practices Act)

*Questions 10 and 11 are only to be completed if you answered YES to Question 1 or Question 2.*
*If you answered NO to both Questions 1 and 2, go to Question 12.*

10. Do you find by a preponderance of the evidence that U-Haul's trademark infringement or unfair competition caused an injury to PODS?

Answer YES or NO  YES

If your answer is YES, go to the next question. If your answer is NO, go to Question 12.

11. Do you find by a preponderance of the evidence that PODS suffered actual damages resulting from U-Haul's trademark infringement or unfair competition?

Answer YES or NO  YES

**Count VIII** (Unjust Enrichment)

12. Do you find by a preponderance of the evidence that U-Haul was unjustly enriched through its use of "pod" or "pods"?

Answer YES or NO  YES

### AFFIRMATIVE DEFENSES

### Genericness

13. Do you find by a preponderance of the evidence that the terms "pod" and "pods" are generic designations for the goods covered by the registration?

Answer YES or NO  NO

If your answer is YES, your verdict is for U-Haul and this completes your deliberations. The foreperson should sign and date the verdict form. If your answer is NO, go to the next question.

3

## Descriptive Fair Use

14. Do you find by a preponderance of the evidence that U-Haul used "pod" and "pods" in a way other than as a trademark?

      Answer YES or NO    NO

> If your answer is YES, go to the next question. If your answer is NO, go to Question 17.

15. Do you find by a preponderance of the evidence that U-Haul used "pod" and "pods" in a descriptive sense?

      Answer YES or NO       

> If your answer is YES, go to the next question. If your answer is NO, go to Question 17.

16. Do you find by a preponderance of the evidence that U-Haul used "pod" and "pods" fairly and in good faith?

      Answer YES or NO       

> If you answer is YES, your verdict is for U-Haul and this completes your deliberations. You should sign and date this verdict form. If your answer is NO, go to the next question.

## DAMAGES

17. Do you find by a preponderance of the evidence that PODS has suffered actual damages?

      Answer YES or NO    YES

> If your answer is YES, go to the next question. If your answer is NO, go to Question 19.

18a. If you answered "YES" to the previous question, what is the amount of PODS' actual damages you find by a preponderance of the evidence?

      $ 45 million

> If your answer is more than zero, go to the next question. If your answer is zero, go to Question 19.

18b. What portion of the actual damages, if any, which you found in Question 18a occurred after August 4, 2014?

$ 978,000

19. Do you find by a preponderance of the evidence that U-Haul's conduct was willful and deliberate, or U-Haul was unjustly enriched (you answered YES to Question 12), or an award of U-Haul's profits is necessary to deter future conduct?

Answer YES or NO   YES

If your answer is YES, go to the next question. If your answer is NO, you have finished your deliberations and should sign and date this form.

20a. If you answered "YES" to the previous question, what is the amount of U-Haul's profits attributable to its use of the terms "pod" or "pods" you find by a preponderance of the evidence?

$ 15.7 million

If your answer is more than zero, go to the next question. If your answer is zero, you have finished your deliberations and should sign and date this form.

20b. What portion of the profits to be disgorged, if any, which you found in Question 20a occurred after August 4, 2014?

$ 341,000

SO SAY WE ALL.

_Eric Ph_
Foreperson's Signature

Dated: 9/25/14

5