UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PODS ENTERPRISES, LLC,**

    **Plaintiff,**

vs.                                                      Case No. 8:12-cv-01479-T-27MAP

**U-HAUL INTERNATIONAL, INC.,**

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is PODS' bill of costs (Dkt. 388). U-Haul filed a memorandum in opposition to most of the costs (Dkt. 407). In response, PODS filed an amended bill of costs and a memorandum in support thereof (Dkt. 415). Upon consideration, costs are taxed in PODS' favor of $82,727.12.

Federal Rule of Civil Procedure 54(d)(1) establishes a presumption that costs are awardable to the prevailing party. *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000).[1] However, a court may only tax costs that are authorized by statute. *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Additionally, the costs must have been incurred for services that were necessarily obtained for use in the case. *Id.* at 621. Although it is within the district court's discretion to deny a full award of costs to the prevailing party, the court "must have and state a sound reason for doing so." *Chapman*, 229 F.3d at 1039.

---

[1] PODS argues in its memorandum in support of its amended bill of costs it is entitled to costs based on the Lanham Act, in addition to Fed. R. Civ. P. 54. This argument will not be considered in the context of a bill of costs, and is more properly raised in conjunction with PODS' motion for attorneys' fees and expenses based on the Lanham Act and other statutes. (*See* Dkt. 389).

Many of the costs PODS seeks are not disputed by U-Haul and will be awarded. These are the filing fees for this case ($350, Dkt. 415 Ex. 1), fees for the service of summons and subpoena ($260, *Id.* at Ex. 2),[2] fees for the trial transcript ($10,305.87, *Id.* at Ex. 3A), fees for the audio transcription of the Stuart Sing call ($282, *Id.* at 3D), and fees for copies of admitted exhibits at trial ($264.75, *Id.* at Ex. 4).

The parties dispute four categories of costs: fees for deposition transcripts (*Id.* at Ex. 3B and 3C), witness fees for trial (*Id.* at Ex. 5A), witness fees for depositions (*Id.* at Ex. 5B), and fees for exemplification (*Id.* at Ex. 6).

The fees for deposition transcripts are properly taxable, as PODS as made an adequate showing that they were "necessarily obtained" for use in the case. 28 U.S.C. § 1920. (*See* Dkt. 416 ¶ 1). Further, costs of videotaping depositions are also recoverable, as U-Haul did not object to videotaping depositions at the appropriate time. *Cardinale v. S. Homes of Polk Cnty., Inc.*, No. 8:06-cv-1295, 2008 WL 2199273, at *1 (M.D. Fla. May 27, 2008) (Whittemore, J.) (citing *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)). The videographer's fees are also taxable as a part of the cost of a videotaped deposition. *Fantroy v. Publix Super Markets, Inc.*, No. 8:12-cv-1940-T-33EAJ, 2014 WL 408426, at *2-3 (M.D. Fla. Feb. 3, 2014). However, fees for video synchronization are not taxable. *See Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013) (collecting cases). Therefore, PODS' request for transcript fees will be awarded, with the exception of the video synchronization fees, for a total of $63,951.23 ($70,506.23 in Ex. 3B and 3C less the costs sought for video synchronization).

---

[2] PODS' amended bill of costs reduces these costs to $260, as U-Haul argued was appropriate. (*See* Dkt. 415-1 at 9).

Witness fees for trial are generally taxable based on § 1920(3). These fees are limited to witness payments of $40 per day, travel expenses, and a per diem for subsistence. The per diem is based on the amounts allowed by the General Services Administration ("GSA.") *Witte Wolk BV v. Lead by Sales, LLC*, No. 8:12-CV-2868-T-30AEP, 2015 WL 275812, at *2 (M.D. Fla. Jan. 22, 2015). Here, the witness fees for trial, as well as the travel expenses and per diem allowances, of $4890 set out in Dkt. 415, Exhibit 5, are properly taxable and consistent with the statutory witness fee and the GSA limitations.[3] Notwithstanding U-Haul's objections, it was reasonable for PODS to have certain expert witnesses present for days of trial during which they did not testify, and their witness fees and subsistence expenses are recoverable costs. *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *20 (M.D. Fla. Nov. 2, 2012) (Whittemore, J.). PODS also seeks fees for its expert witnesses who attended depositions in Exhibit 5B. However, PODS has not provided any authority that these fees are taxable under § 1920, and therefore, they will not be awarded. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (expert witness fees generally not taxable as costs).

Finally, PODS seeks $93,246.47 in fees for copying and exemplification. However, PODS has not carried its burden to demonstrate that most of these fees were "necessarily obtained" for use in this case. PODS seeks $50,346 in processing charges for electronically stored information, but there is no indication whether these costs are properly taxable. *See generally Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169-171 (3d Cir. 2012) (explaining Rule 54 limits taxing ESI charges as costs). PODS also seeks to recover the fees charged by its video and technical consultants, seemingly as costs of exemplification. This is at odds with binding precedent in the

---

[3] Exhibit 5A appears to be redundant with Exhibit 5 and the costs listed in Exhibit 5A will not be awarded.

Eleventh Circuit, which states that exemplification "imports the legal meaning of an official transcript of a public record, authenticated as a true copy for use as evidence, and not the broader and common connotation that includes a showing or illustrating by example." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (internal citation and quotation omitted) (reversing award of costs for videotape exhibits and computer animation used at trial). Therefore, only the amounts in Dkt. 415, Exhibit 6 which are clearly related to copies used at trial will be awarded as costs. (*See* Dkt. 415-2 at 61 (invoice of $2,423.27 based on printing and copying at trial)).

Accordingly, the Clerk is **DIRECTED** to tax costs against Defendant in the amount of $82,727.12.

**DONE AND ORDERED** this 21st day of August, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record