UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS ENTERPRISES, LLC,

    **Plaintiff,**

vs.                                                                **Case No. 8:12-cv-01479-T-27MAP**

U-HAUL INTERNATIONAL, INC.,

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is U-Haul's Motion to Modify or Stay Injunction Pending Appeal (Dkt. 430), which PODS opposes (Dkt. 435). Upon consideration, the motion to stay is DENIED. U-Haul's alternative request that the injunction be modified is DENIED.

As a result of the jury's verdict in favor of PODS in this trademark infringement case, the following permanent injunction was entered:

> A) PODS Enterprises, LLC ("PODS") is the owner of the following valid registrations as well as common law rights associated with marks that are the subject of these registrations (collectively defined as the "PODS Marks"): U.S. Trademark Registration No. 2,365,848, U.S. Trademark Registration No. 3,011,459, U.S. Trademark Registration No. 3,666,828, U.S. Trademark Registration No. 3,689,446, Florida Registration No. T14000000859, Florida Registration No. T14000000860, Florida Registration No. T14000000861, and Florida Registration No. T14000000862.
>
> B) U-Haul International, Inc. ("U-Haul") and its subsidiaries, divisions, licensees, dealers, franchisees, assigns, affiliates, and each of their directors, officers, agents, servants, employees, representatives, attorneys, and those persons in active concert or participation with them, are hereby permanently restrained and enjoined from using the term "Pods", "Pod", "pods", or "pod", including without limitation all forms of those terms regardless of whether (a) any or all of the letters are capitalized or in lower case, (b) they are in singular or plural, or (c) they are modified before or after with one or more words or incorporated into or combined with other words (e.g. as part of a phrase) or any other marks, names or designations that are confusingly similar to the PODS Marks, or any other term confusingly similar to, or that is likely to cause dilution of, the PODS Marks in any manner, including without limitation, as trademarks, service marks (or any other type of designation), trade names, business names, descriptors, product names, domain names, keywords, metatags, or on websites (whether as part of hidden or visible text), Internet sites (including without limitation social media sites), products, or on any other electronic or printed material *for the purpose of advertising,*

> *promoting, marketing, or describing any products or services.* Notwithstanding the above, U-Haul may use the phrase "compare to PODS®" in comparative advertising in a manner that is not likely to confuse the public as to the source of the goods in question.

(Dkt. 422) (emphasis added).

U-Haul correctly "presumes" that the phrase *"for the purpose of advertising, promoting, marketing, or describing any products or services"* was intended as a limitation on the reach of the injunction. Indeed, in the order granting permanent injunctive relief, that limitation was expressly included in the discussion:

> As a result, the broad language PODS seeks for the injunction is appropriate, since it is targeted at the use of "pod" and "pods" when used as "trade names, business names, descriptors, product names, domain names, keywords, metatags, or on websites (whether as part of hidden or visible text), Internet sites (including without limitation social media sites), products, or on any other electronic or printed material *for the purpose of advertising, promoting, marketing, or describing any products or services."*

(Dkt. 422. p. 32-33) (emphasis added). A modification is therefore unnecessary with respect to this limitation.

Further, U-Haul's original challenge to the scope of the injunction proposed by PODS, specifically a concern that comparative advertising would be prohibited, was acknowledged in the order granting permanent injunctive relief. As a result, use of the terms "pod" and "pods" in comparative advertising was expressly excluded from the injunction (Dkt. 422, p. 33) ("Accordingly, the proposed injunction will be revised to allow for comparative advertising that clearly designates PODS as the source of moving and storage containers that compete with U-Haul's products.").

U-Haul's concerns about not being able to "alleviate" consumer confusion if its employees are asked by consumers to compare its product to PODS' is likewise unpersuasive. As noted, use of the terms in comparative advertising is not prohibited. That "carve out," as U-Haul calls it, obviously

encompasses "nominative fair use" and truthful communications in customer dialogue. And nothing in the injunction mandates censorship with respect to consumer comments, as U-Haul contends.

In sum, U-Haul's contention that the injunction is overly broad is without merit. After all, by its verdict, the jury found that U-Haul's use of "pod" and "pods" infringed on PODS' trademark, constituted unfair competition, diluted the distinctiveness of the PODS' trademark, constituted a deceptive and unfair trade practice under Florida law, and that U-Haul was unjustly enriched by its use of PODS' trademark (Dkt. 337). Accordingly, for the reasons discussed in the order granting permanent injunctive relief against U-Haul, PODS was entitled to broad injunctive relief under federal and Florida law 15 U.S.C. § 1125(c)(1) and 15 U.S.C. § 1116; Fla. Stat. § 495.151; *Luckie v. McCall Mfg. Co.*, 153 So.2d 311, 313 (Fla. 1st DCA 1963); *First Born Church of The Living God v. The First Born Church of The Living God*, 22 So.2d 452, 453 (Fla. 1945) (Dkt. 422, pp. 29-33). Indeed, in ordinary trademark infringement actions, "complete injunctions against the infringing party are the order of the day." *Angel Flight of Georgia, Inc. v. Angel Flight America, Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008).

Finally, U-Haul presents no reason warranting a modification of the injunction or stay under Rule 62(c), Fed. R. Civ. P., such as a change in circumstances or other inequitable consideration. Nor does U-Haul present a persuasive argument that it is likely to prevail on appeal, make a showing of irreparable harm, offer proof of harm to others, or a showing of harm to the public, the factors to be considered under Rule 62(c). *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

As PODS accurately notes, "this case centered on U-Haul's strategic decision to flood its website with nearly 600,000 mentions of PODS' trademark as part of a coordinated effort, instigated by Chairman Shoen himself, to be a 'steel-eyed gunfighter' and 'use the PODS brand' to drive traffic

to U-Haul's website." (Dkt. 435, p. 5, citing Plaintiff's Exhibits 059 and 063 and testimony of Chris Sobel (Dkt. 376, p. 66:21-67:2)). Considering the calculated manner in which U-Haul used the terms "pod" and "pods," maintaining the injunction pending appeal will insure that the PODS' mark remains protected. There is no conceivable harm to U-Haul. Having infringed on PODS' mark, U-Haul cannot complain that it is enjoined from doing that for which it has been found liable *See Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1179 (11th Cir. 2002) ("[A] competitive business, once convicted of unfair competition in a given particular, should thereafter be required to keep a *safe* distance away from the margin line - even if that requirement involves a handicap as compared with those who have not disqualified themselves.")(emphasis added) (quoting *Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 705 (5th Cir. 1981).

Although broadly worded, the injunction is necessary to prohibit a repeat of the conduct U-Haul engaged in. U-Haul's remaining arguments are nothing more than an effort to have the Court reconsider the permanent injunction, which the Court declines to do.

**DONE AND ORDERED** this 15th day of October, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record